### COMMONWEALTH *vs.* CHARLES THACHER.

A ticket which purports to entitle the holder to whatever prize may be drawn by its corresponding number in a scheme called a " prize concert," in which the prizes consist of gifts in greenbacks " and " gifts " in other kinds of property, and one half of the tickets represent blanks in the drawing, is a lottery ticket.

INDICTMENT under the Gen. Sts. *c.* 167, § 6, containing two counts, the first charging that the defendant had in possession, with intent to sell, " a certain false and fictitious lottery ticket," " well knowing the same to be false and fictitious ; " and the second charging that he had in possession, with intent to sell, " a ticket in a certain fictitious and pretended lottery," " well knowing the same to be fictitious and pretended." Both counts were alleged to be different descriptions of the same act; and the ticket was set forth in each as of the tenor following : " 219, 611. North American Prize Concert. To be drawn at The Rink, Chicago, Illinois. This ticket entitles the holder to the prizes drawn by its corresponding number   The prizes to be drawn to consist of 1 gift in greenbacks, $30,000, 1 gift in greenbacks, $10,000, 1 gift in greenbacks, $5,000, 1883 gifts in greenbacks, $55,000. Other gifts, residences, pianos, watches, &c., &c., $400,000, Total, $500,000. Every other ticket draws a prize. A. A. Kelley & Co. Office, 105 Randolph St., Chicago, Illinois."

In the superior court the defendant demurred to this indictment as insufficient in law, which demurrer being overruled he pleaded guilty, and afterwards moved in arrest of judgment for the same reason alleged in the demurrer, which motion being also overruled he appealed to this court.

*W. P. Harding,* for the defendant. The paper set forth as a ticket is not a lottery ticket nor a ticket in a fictitious or pretended lottery. *People* v. *Taylor*, 3 Denio, 91. *Commonwealth* v. *Gillespie*, 7 S. & R. 469.

*C. Allen,* Attorney General, for the Commonwealth, submitted the case without argument.

WELLS, J. The ticket being set forth by copy in the indict ment, no other descriptive averments are necessary. It purports to entitle the holder to whatever prize shall be drawn by its corresponding number in a scheme called a " prize concert." The prizes consist of " gifts in greenbacks" and gifts in other kinds of property. One half of all the tickets represent blanks, as " every other ticket draws a prize." This clearly constitutes a lottery. In the first count the ticket, and in the second count the lottery, is alleged to be " false and fictitious." The demurrer and plea of guilty admit the truth of this allegation. No objection was taken at the trial, and none is now open to the defendant, except the general one of insufficiency of the indictment; and no particular defect is pointed out. We think the allegations are sufficient, and that the appeal should be dismissed.