### HULL v. RUGGLES *et al.*, appellants.

#### *Lotteries — prize packages.*

Plaintiff sold to defendants three hundred packages of candy and sixty pieces of silverware. In sixty of the packages were tickets, one in each designating a specified article among the silverware, to belong to the purchaser of the package. The packages were put up by plaintiff, and were intended for sale as " prize packages."

*Held*, that the sale was in violation of the statute against sales of property in aid of unauthorized lotteries (1 R. S. 668, § 38), and that defendants were not liable for the purchase price of the goods.

The persons who sold the packages singly to purchasers were the ones liable to the penalty for selling lottery tickets.

APPEAL from judgment entered upon the report of a referee in favor of the plaintiff. The facts appear in the opinion.

*Peter H. Van Auken,* for appellants.

*Sanders & Beach,* for respondent.

MULLIN, P. J.   The plaintiff is a manufacturer of candies at Syracuse, the defendants are dealers therein at Seneca Falls.

On the 27th day of July, 1871, defendants ordered of plaintiff's agent three hundred packages of candy and sixty pieces of silverware, to be delivered forthwith at their place of business.

The candy was put up in small packages, and in sixty of the number was put a ticket on which was marked the name of one of the articles of silverware, and a purchaser who bought a package containing one of these tickets was entitled to a piece of silverware named therein.

The defendants purchased the candy and silverware to be used as prize packages, and the plaintiff knew of the use that defendant designed to make of the candy and silver.

The property ordered by defendants was sent to them, and they refuse to pay for it, because the property was sold and delivered in violation of the statute (2 R. S. 5th ed. 928, etc.; 1 Edm. Stat. at Large, 620) relating to lotteries and raffling, and by that statute the sale was illegal and void.

Section 45, 2d Revised Statutes, 928, relating to raffling and lotteries, declares that every grant, etc., of any property real or personal which shall be made in pursuance of any lottery not authorized by law, or for the purpose of aiding and assisting in such lottery, etc., to be determined by lot or chance, are void.

The only section of the statute that can apply to the sale in question is the last one above cited.   And I am unable to discover any reason for excluding it from the operation of that section.

When the clause of the section relating to the sales, etc., made in pursuance of any lottery is omitted, the section reads as follows:

" Every grant, bargain, sale, conveyance or transfer of any real estate, or of any goods, chattels, things in action or any personal property which shall hereafter be made for the purpose of aiding and assisting in such lottery, game or other device to be determined by lot or chance, are hereby declared void and of no effect."

To render a sale void under this statute the vendor must know that the property sold is to be used in aiding and assisting in a lottery, and is purchased to be so used.

The plaintiff prepared the packages of candy, with the tickets inclosed in a portion of them, entitling the one who purchased such packages to an article of silverware; purchasers of packages had one chance in five of drawing a piece of silver.   The plaintiff

knew of the use to be made of the packages, and that the title to the silver depended on chance. They therefore sold the property to defendants to be applied to the purpose of a lottery. If this is not a sale for the purpose of aiding and assisting in such lottery, I am unable to understand what aiding and assisting within the meaning of this statute would be.

The defendants I suppose sold the packages to those who sold them singly to purchasers. These persons who thus sold were the ones who incurred the penalty imposed for selling lottery tickets.

The judgment should be reversed, and a new trial ordered, costs to abide the event.