## COMMONWEALTH *vs.* JAMES WRIGHT.

Suffolk.   May 10. — June 23, 1884.   DEVENS & COLBURN, JJ., absent.

A person carried on a game, in which the public were invited to take part, described as follows: Any one wishing to play chose a number, and paid a certain sum for it; and the conductor of the game then drew an envelope from a box full of them, which envelope contained a slip with many numbers upon it. If the number chosen was found among those upon the slip, the person who chose it received a multiple of the sum paid by him, greater or less according to the odds agreed upon; if not, he lost what he had paid. *Held*, that a jury would be warranted in finding that the game was a "lottery," within the Pub. Sts. *c.* 209, § 1.

HOLMES, J.   The defendant has been convicted of setting up and promoting a certain lottery for money; and the only question raised by his exceptions is whether the jury were warranted in finding that a game popularly known as the policy or envelope game is a lottery, within the Pub. Sts. *c.* 209, § 1.

There was evidence that the defendant carried on the game, and that the public were invited to attend and take part in it. The substance of the game, as described in the bill of exceptions, seems to be that any one wishing to play chooses a number and pays a certain sum for it; and that then the conductor of the game draws an envelope from a box full of them, which envelope contains a slip with many numbers upon it. If the number chosen is found among those upon the slip, the person who chose it receives a multiple of the sum paid by him, greater or less according to the odds agreed upon. If not, he loses what he has paid.

We assume that the numbers upon the slips are limited in some way, so that the chances of success may be exactly calculated. But the defendant's argument that therefore the game contained no element of chance may be dismissed with a word. The event is none the less uncertain, that the chances of the event are certain. The chances only represent the average of a long series of events.

The event does not appear to have been even mechanically certain, as the selection of the envelope seems to have been made arbitrarily, after payment. But if the choice of the number had also fixed the envelope, so long as the event could not be predicted by the party concerned, it would be uncertain, and depend on chance in the only sense which the law has to take into account. *Commonwealth* v. *Thacher*, 97 Mass. 583. *State* v. *Clarke*, 33 N. H. 329, 335.

Perhaps it is a little more difficult to show how the game is more than a wager. A bet, however, is usually executory on both sides, isolated, and determined by events independent of any action of the parties, while in this game a price is paid for the chance of a prize, and it is determined by a mechanical device worked by the manager of the game according to a scheme held out to the public, whether he who pays the money is to have the prize or nothing. It may be that the difference between this and a single wager on the cast of a die is only one of degree; but, if so, the difference is sufficiently marked to warrant the finding of the jury. We cannot say, as matter of law, that the facts that the prize was money and not specific, and that more than one could select the same number with the same result, prevented

the game from being a lottery. It is a lottery according to the popular use of the word as shown by the dictionaries, according to history, to which lotteries with money prizes not specific have long been known, and according to the course of the decisions. *Wilkinson* v. *Gill*, 74 N. Y. 63. See *State* v. *Lovell*, 10 Vroom, 458; and cases cited in Bish. Stat. Crimes, § 952.

*Exceptions overruled.*

*T. J. Gargan*, for the defendant.
*E. J. Sherman*, Attorney General, for the Commonwealth.