[No. 20949.  Department One.  March 21, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. WONG
TOOK *et al., Appellants.*[1]

[1] LOTTERIES (3)—OFFENSES—ELEMENTS. Under Rem. Comp. Stat.,
§ 2664, defining a lottery as "a scheme for the distribution of
money or property by chance, among persons who have paid
or agreed to pay a valuable consideration," it is immaterial
that the drawing upon tickets sold in this state is held in
another state.

[2] LOTTERIES (3)—OFFENSES—INSTRUCTIONS. In a prosecution for
conducting a lottery under Rem. Comp. Stat., § 2464, an in-
struction that the statute covers persons cooperating therein
in any manner is proper.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered May 9, 1927, upon a
trial and conviction of operating a lottery.  Affirmed.

*Crandell & Crandell* and *Jacob Kalina,* for appel-
lants.

*Ewing D. Colvin* and *James M. Bailey,* for respond-
ent.

MITCHELL, J.—Wong Took, Wo Foo, Lee Sing and
Quon Yin were jointly informed against for operating,
on or about February 11, 1927, what the information
says is commonly known as a Chinese lottery, "a
scheme for the distribution of money by chance among
persons who paid a valuable consideration, to wit, vari-
ous sums and amounts in lawful money of the United
States for the chance, at a place situated at No. 200
Third Avenue So., in the city of Seattle, said county
and state."  Three of the defendants were convicted
by one jury and the other was convicted by another
jury.  All of them have appealed and present their
cases to be disposed of in one decision.

[1]Reported in 265 Pac. 459.

[1] The first assignment of error is that the evidence was insufficient to prove the crime charged, that is, that the evidence tended to show only the sale of lottery tickets, and comes under Rem. Comp. Stat., § 2465 [P. C. § 8966] and not a lottery under Rem. Comp. Stat., § 2464 [P. C. § 8965]. The evidence was to the effect that, at the time and place mentioned, all of the appellants were working together and that, for various sums of money paid by quite a number of patrons, they delivered tickets, each containing some eighty Chinese characters; that the patrons designated the character or characters on the ticket upon which they took chances; and that the tickets were so marked by one of the appellants. The tickets thus marked were made out in duplicate, the house keeping one and the patron the other. Each ticket had printed, stamped or written on its margin one of such names as Shanghai, Boston or Chicago. Drawings represented by the names of the different tickets would later be announced by the appellants at their place of business, whereupon the holder of tickets was entitled to, and did, receive money or not according to his luck. Some of the witnesses who testified did so receive money.

Section 2464, Rem. Comp. Stat., is as follows:

"A lottery is a scheme for the distribution of money or property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether it shall be called a lottery, raffle, gift enterprise, or by any other name, and is hereby declared unlawful and a public nuisance."

The elements of the offense are: A consideration, a prize and a chance. The name of the enterprise is immaterial, so the statute says. There is no claim in this case, as we understand, that the elements of consideration and prize were not sufficiently established by the evidence. It is contended, however, that the element

of chance did not occur in Seattle because the evidence tended to prove that the drawings took place outside of Seattle and at such places as Shanghai, Boston and Chicago. The argument misconceives the true effect of the conduct of the appellants in Seattle. The prize winners were not paid at places outside of the state, but they were paid by the appellants at Seattle. Appellants' method of doing business was to declare and announce in Seattle what tickets held by their customers had won or not. It was the act of the appellants in Seattle in declaring and promulgating the winning tickets that involved and constituted the chance taken by those who held and had paid for the tickets. The patrons took chances of winning according to the scheme and announcement of the appellants in Seattle.

The names of places outside of Seattle appearing on the tickets gave rise to a colloquy between respective counsel and the court, in the trial of the three defendants, and an answer of the court to counsels' question is assigned as error. Clearly, however, the jury could not have been misled by the incident. They were clearly instructed as to the elements of the offense and charged that the state must prove beyond reasonable doubt that they occurred in King county in order to convict.

[2] Error is assigned upon the giving of an instruction as follows:

"The words 'contriving, proposing or drawing a lottery, or assisting in contriving, proposing or drawing a lottery,' as used in the law, are applicable to persons cooperating in the instituting and administering of the lottery whatever may be the peculiar relations they sustain to it or to each other in rendering such cooperation. They apply to one who controls the establishment and procures or permits a lottery to be operated therein, or to one who engages in the illegal

use of the premises in assisting in any way the contriving, proposing or drawing of a lottery; hence, one acting as an employe, servant, agent or clerk, in waiting on participants at the lottery, or in collecting money from persons purchasing lottery tickets for the use of the owner or proprietor, or one who aids and assists persons in marking lottery tickets, or one who acts as a watch or lookout, or in any manner assists or aids in the operation of the lottery."

The instruction was entirely appropriate and correct under the facts of the case to the effect that the appellants conducted the enterprise in the back room of a store building and in doing so they, from time to time and interchangeably, served in the several capacities of doorkeeper, marking tickets and duplicates and taking in and paying out money.

Affirmed.

MACKINTOSH, C. J., PARKER, and TOLMAN, JJ., concur.