[No. 20991. Department One. March 21, 1928.]

THE STATE OF WASHINGTON, *Respondent,* v. CHIN KEE WOY *et al., Appellants.*[1]

[1] LOTTERIES (1)—STATUTORY PROVISIONS—SALE OF TICKETS. The sale of lottery tickets by any person does not come within the terms of Rem. Comp. Stat., § 2464, penalizing "every person who shall contrive, propose or draw a lottery, or shall assist in contriving, proposing or drawing a lottery."

Appeal from a judgment of the superior court for King county, Steinert, J., entered April 6, 1927, upon a trial and conviction of operating a lottery. Reversed.

*Edward H. Chavelle,* for appellants.

*Ewing D. Colvin* and *Ethan Allen Peyser,* for respondent.

PARKER, J.—The defendants were, by information filed in the superior court for King county, jointly charged, as follows:

"They, said Chin Kee Woy, Ma Jung, John Yuen and Dong Dick, and each of them, in the county of King, state of Washington, on or about the 11th day of February, A. D. 1927, wilfully, unlawfully and feloniously did contrive, propose, draw and assist in contriving, proposing and drawing a lottery, commonly known as a Chinese lottery, to wit, a scheme for the distribution of money by chance among persons who had paid a valuable consideration, to wit, various sums and amounts, in lawful money of the United States, for the chance, at a place situate at number 202 3rd Avenue South in the city of Seattle, said county and state."

They were jointly tried in that court sitting with a jury, resulting in a verdict of guilty being rendered against each of them, upon which judgments were rendered accordingly, sentencing each of them to pay

[1]Reported in 265 Pac. 460.

a fine of $1,000. From the judgments so rendered against the defendants Woy, Jung and Dick, they have each appealed to this court. The defendant Yuen has not appealed from the judgment rendered against him.

The argument of counsel for appellants is addressed wholly to the contention that the evidence does not support the verdicts and judgments rendered against them, and that the trial court erred in refusing to take the case from the jury and so decide as a matter of law in response to timely and appropriate motions made in that behalf. The evidence, it may be conceded, was such as to warrant the jury in believing that appellants did, at the time and place in question, sell lottery tickets; that is, that Woy and Dick actually sold lottery tickets, and that Jung aided and abetted them in so doing. That, however, is not the crime with which they were charged or for which they were tried, as will presently more clearly appear. There is no evidence that either of appellants did anything more than sell lottery tickets; that is, there is no evidence that either of them "did contrive, propose, draw," or "assist in contriving, proposing and drawing a lottery," unless we are to hold that the mere selling of lottery tickets is the proposing of a lottery. There is no evidence of any drawing in this state or proposal of any drawing to be made in this state; nor of any announcement in this state or proposal of any announcement to be made in this state, of any drawing; nor of any distribution or proposing of distribution of any money in this state in pursuance of any drawing; though there is evidence indicating that at the place in question there was a considerable established business of trafficking in lottery tickets.

[1] Now, was the mere selling of lottery tickets by appellants the proposing of a lottery by them or either of them? There might be some room for so arguing

were we free to view the question apart from the following of our statutory lottery prohibition provisions:

"A lottery is a scheme for the distribution of money or property by chance, among persons who have paid or agreed to pay a valuable consideration for the chance, whether it shall be called a lottery, raffle, gift enterprise, or by any other name, and is hereby declared unlawful and a public nuisance.

"Every person who shall contrive, propose or draw a lottery, or shall assist in contriving, proposing or drawing a lottery, shall be punished by imprisonment in the state penitentiary for not more than five years, or by a fine of not more than one thousand dollars, or by both." Laws of 1909, p. 953, § 212; Rem. Comp. Stat., § 2464.

"Every person who shall sell, give, or in any way whatever furnish or transfer to or for another, a ticket, chance, share or interest, or any paper, certificate or instrument purporting to be or to represent a ticket, chance, share or interest in, or dependent upon the event of, a lottery, to be drawn within or without the state, . . . shall be guilty of a gross misdemeanor." Laws of 1909, p. 953, § 213; Rem. Comp. Stat., § 2465.

Thus, it becomes plain that to propose a lottery is a felony, while to sell lottery tickets is only a gross misdemeanor. It seems to us, reading these two sections together, as we must, since they are both a part of the same statute, the word "propose," used in defining the felony, means something more than either of the words "sell", "give", "furnish" or "transfer", of lottery tickets, as used in defining the misdemeanor. We are not holding that evidence of selling, giving, furnishing or transferring lottery tickets is inadmissible as proof bearing upon the question of guilt of one charged with the felony defined in the statute. We hold only that proof of selling, giving, furnishing or transferring of lottery tickets, in the

absence of further proof of contriving, proposing or drawing a lottery, does not constitute sufficient proof to sustain a conviction of the felony defined by the statute.  To hold otherwise would be to view the misdemeanor section as meaningless.   Here is wherein this case is clearly distinguishable from that of *State v. Wong Took,* just decided by us, *ante,* p. 190, 265 Pac. 459.   Our decisions in *Society Theatre v. Seattle,* 118 Wash. 258, 203 Pac. 21, and *State v. Danz,* 140 Wash. 546, 250 Pac. 37, are in harmony with this conclusion.

These considerations, we think, also lead to the conclusion that the felony of contriving, proposing or drawing a lottery or assisting therein does not necessarily include the misdemeanor of selling, giving, furnishing or transferring lottery tickets, though the two offenses belong to the same class of crimes, and, it may be assumed, might be charged in separate counts in one information, as prescribed by ch. 109, Laws of 1925, Ex. Sess., p. 168, Rem. 1927 Sup., § 2059.   The fact remains, however, that the language of this information does not include a charge of the misdemeanor of selling, giving, furnishing or transferring lottery tickets.   Therefore, it seems to us that there is not here a question of awarding appellants a new trial, looking to their re-trial for the misdemeanor of selling lottery tickets; but the sole question is whether or not the evidence sustains the felony charge, verdicts and judgments rendered in this case.  Clearly, we think, there is a failure of proof in that behalf.

We conclude that the judgments must be reversed and the charge dismissed as to each appellant.   It is so ordered.

MACKINTOSH, C. J., MITCHELL, and TOLMAN, JJ., concur.