THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES J. HINES, Appellant.*

First Department, January 26, 1940.

* See 168 Misc. 453.

*Martin W. Littleton* of counsel [*Irving Goldberg* and *Richard H. Brown* with him on the brief; *Littleton & Levy*, attorneys], for the appellant.

*Stanley H. Fuld, Assistant District Attorney*, of counsel [*Burr F. Coleman* and *Whitman Knapp, Deputy Assistant District Attorneys*, with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

PER CURIAM. The concession of appellant's counsel that " unquestionably, the testimony was sufficient *prima facie* to establish that appellant was a member of the conspiracy to commit the crimes charged, as alleged in the indictment," renders unnecessary any extended review of the evidence. Indeed, an examination of the record and briefs leads to the conclusion that it would have been futile for counsel otherwise to contend. Questions of law only, therefore, need be considered.

The contention that the operation of policy or the " numbers game " may not be prosecuted as a felony under the lottery section (Penal Law, § 1372), but only as a misdemeanor under the policy section (Penal Law, § 974), cannot be sustained.

Concededly, policy was originally embraced within the lottery section. Because difficulty in securing convictions for felony was encountered, the Legislature made policy, originally included in the crime of lottery, a misdemeanor. By so doing, there was no intention evidenced to repeal, alter or amend the original lottery section. The new section neither " explicitly " referred to the old, nor did it " directly " repeal or amend it. (Penal Law, § 2500.)

It has been held that " Penal statutes even covering substantially the same offenses may stand together " (*People* v. *Dwyer*, 215 N. Y. 46, 52); and that where there are several sections " The district attorney may prosecute for the felony or for the misdemeanor as he chooses." (*People* v. *Bord*, 243 N. Y. 595, 596. See, also, *People* v. *Dewey*, 33 N. Y. St. Repr. 427.)

Lottery is defined as a scheme for the distribution of property by chance, whether called a lottery, raffle or gift enterprise or by *some other name*. (Penal Law, § 1370.) (Italics ours.) Policy is a species of lottery whereby the chance is determined by numbers. That policy or the " numbers game " is a lottery has been held in this State and in other jurisdictions. (*Wilkinson* v. *Gill*, 74 N. Y. 63; *Commonwealth* v. *Wright*, 137 Mass. 250; *Forte* v. *United States*, 83 F. [2d] 612; *Commonwealth* v. *Sullivan*, 146 Mass. 142; 15 N. E. 491.)

Cases such as *People ex rel. Lawrence* v. *Fallon* (152 N. Y. 12) and *Matter of Dwyer* (14 Misc. 204), relied upon by the defendant,

are not to the contrary. They relate to distinctions between lottery and gaming which at no time, as in the case of lottery and policy, were part of the same crime. In *People* v. *Weber* (245 App. Div. 827) the question was not whether policy is a lottery but whether possession of lottery slips was sufficient to justify a conviction for contriving, proposing or drawing a lottery. (Penal Law, § 1372.)

We find no merit in defendant's contention that his conviction was not supported by sufficient evidence under the provisions of section 1372 of the Penal Law which relates to one who " contrives, proposes or draws a lottery, or assists in contriving, proposing or drawing." It has been held it is proper to charge that these words " are applicable to persons cooperating in the instituting and administering of the lottery whatever may be the peculiar relations they sustain to it or to each other in rendering such cooperation." (*State* v. *Wong Took*, 147 Wash. 190; 265 P. 459.)

As already stated, it is here conceded that the evidence sufficiently established defendant was a member of the conspiracy. The People's evidence tended to show that his contribution to the criminal purpose was the protection from prosecution and punishment for crime committed and to be committed pursuant thereto. Indeed, the People's proof was to the effect that the " numbers game " could not have been carried on without such protection. Certainly in rendering such service, defendant was lending co-operation.

The Oxford Dictionary, among definitions of " contrive," contains the following: " To succeed in bringing to pass; to ' manage,' to effect (a purpose);" also as meaning: " to plot, conspire;" likewise " To invent, devise, excogitate * * * (any plan or purpose)." The Standard Dictionary defines the word " contrive " as follows: " To manage or carry through by some device or scheme." At least, the evidence was sufficient to hold defendant as principal under the provisions of section 2 of the Penal Law, even though he did not actually engage in the drawing.

The claim that the conviction under the conspiracy count on which sentence was suspended may not be sustained because of the Statute of Limitations is untenable. While it is true that the last overt act alleged was more than two years prior to the filing of the indictment, it is further alleged that the conspiracy continued until within the two-year period of limitations. (Code Crim. Proc. § 142.) Section 398 of the Code of Criminal Procedure provides that overt acts not alleged in the indictment may be given in evidence. For this reason, we are of opinion that since the indictment alleged continuance of the conspiracy within the period of

limitations and since overt acts were proven within such time, the conviction on this count was justified. Reliance is placed upon two decisions in the Supreme Court of the United States (*Hyde* v. *United States*, 225 U. S. 347, and *Brown* v. *Elliott*, Id. 392). In the case last cited it was stated that the period of limitations should be computed from the date of the last overt act " of which there is appropriate allegation and proof." As already pointed out, however, under the provisions of section 398 of the Code of Criminal Procedure, *supra*, overt acts not specifically alleged may, nevertheless, be proved upon the trial.

We have examined the other questions of law raised by the appellant and find nothing which would justify reversal of the judgment. It follows, therefore, that the judgment of conviction appealed from should be affirmed.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, DORE and COHN, JJ.

Judgment unanimously affirmed.