## COMMONWEALTH *vs.* GEORGE M. SAWTELLE.

Middlesex.   Jan. 29. — Feb. 24, 1886.   HOLMES & GARDNER, JJ., absent.

At the trial of an indictment, in several counts, for embezzlement, the defendant was convicted upon a count which charged him with embezzling the sum of $11, while in the employ of P. It appeared that the defendant, a clerk of P., sold certain goods of P. to S., who testified that he paid the defendant therefor $61. The defendant testified that he put the money which S. paid him into the money-drawer, or gave it to the bookkeeper of P. The entry made by the defendant in his own handwriting in P.'s book credited S. with having paid the defendant $50. The government called P.'s bookkeeper as a witness, and was allowed to ask him, "Did your cash run over on the day the money was paid to the defendant by S. ? " The witness answered that it did not. No books or accounts were introduced in evidence to show the cash balance on that day, or to show the fact testified to by the witness. *Held*, that the defendant had no ground of exception.

At the trial of an indictment for embezzlement, in several counts, there was evidence that, in a conversation between the defendant and his employer subsequently to the alleged acts of embezzlement, the defendant admitted that he had been taking money from his employer "all along, ever since he began to work for him, and could not say how much he had taken." It appeared that no

allusion was made to the specific matters charged in the indictment by name, words, or figures. The judge instructed the jury that they should not consider this confession, unless it had reference to some of the specific matters charged in the indictment. *Held,* that the defendant had no ground of exception.

INDICTMENT, in nine counts, for embezzlement and larceny. The fifth count, upon which alone the defendant was convicted, alleged that the defendant on February 15, 1884, at Marlborough, while in the employ of J. W. Pope as clerk, agent, or servant, embezzled the sum of $11. Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows :

The evidence showed that the defendant had been in the employ of Pope for about five years, and had charge of his furniture business ; that, by an arrangement between him and Pope, he had paid himself his salary, which was $11 per week, out of the cash-drawer, up to January 1, 1884 ; and that on February 15, 1884, he sold a bill of goods amounting to $65 to Mrs. F. M. Sawin.

Mrs. Sawin testified that, some time afterwards, she did not know how long, the defendant called at her house, and she paid him $61 ; and that still later she paid him the balance of four dollars, and he receipted the bill.

The government introduced in evidence an order-book, so called, with an entry in the defendant's handwriting, dated March 5, 1884, crediting Mrs. Sawin with $50 as having been paid on that date, and asked the witness then on the stand, who was Pope's bookkeeper, " Did your cash run over on the day the money was paid to the defendant by Mrs. Sawin ? " to which the defendant objected. The judge overruled the objection, and the witness answered that it did not. No books or accounts were introduced or accounted for to show the cash balance on that or any other day, or to show the fact testified to by the witness. On cross-examination, the witness stated that they kept a cash-book and a cash account ; that the cash sometimes overran and sometimes fell short ; and there was considerable testimony that the accounts were loosely kept, and that the cash was frequently wrong. The attention of this and other witnesses was called to said entry in the order-book, and to Mrs. Sawin's account in two ledgers, as well as to many other entries concerning

other counts in the indictment, and these entries were introduced in evidence ; and the books containing them, being all the books above referred to, went to the jury without objection.

The defendant testified that he went a number of times to Mrs. Sawin's about the furniture, and received money from her at different times, but could not remember how much ; that he rolled the money up, put it in his pocket, and gave it to the book-keeper, or placed it in the money-drawer when he returned to the store.

One Willard, who was a witness for the government, was asked to state a conversation which he heard between the defendant and Pope after the alleged embezzlement. The defendant objected that the statements should be confined to the matters charged in the indictment. The witness was allowed to answer the question, and stated that he heard Pope accuse the defendant of stealing money from him ; and that the defendant replied that he had been taking money from him all along, ever since he began to work for him, and could not say how much he had taken. The defendant asked the witness, on cross-examination, " Was any allusion made to the specific matters contained in this indictment ? " The witness answered, " No, not by name." The defendant then asked, " Was any allusion made, by words, figures, or reference, to any of the specific matters charged in this indictment ? " The witness answered, " No."

The defendant asked the judge to exclude the confession ; but the judge refused to do so.

Pope was asked the same questions, and returned the same answers, against the defendant's objection.

The defendant testified, in his own behalf, that what he said was that he had been taking money all along ; that, if taking more than $11 a week was stealing, he had been stealing; that he could not tell how much he had taken, but he had it all down on a book ; that a day or two afterwards he gave the book to Pope, which showed that he had drawn between $13 and $14 per week; that his salary was fixed when he was first employed at $11 per week, and never changed, but Pope said that he would do what was right; that the business increased from $18,000 to $60,000 per year while he had charge of it; that Pope said afterwards he knew he was not living on $11 a week; that, a

few days after the alleged confession, Pope reëmployed him at $12.50 per week, and later paid him $15 per week; that he remained in Pope's employment six months longer; and that he· was arrested eight months after his final discharge by Pope.

The judge instructed the jury that they could not consider the confession, unless it had reference to some of the specific matters charged in the indictment, and instructed the jury upon other points, in a manner not excepted to. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*S. J. Elder,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J. The defendant testified that all the money which Mrs. Sawin paid him he handed to the bookkeeper, or placed it in the money-drawer, when he returned to the store. The entry made by the defendant in his own handwriting credited Mrs. Sawin with fifty dollars only as paid by her on the day on which one of the acts of embezzlement was alleged to have been committed, the payment made by her, according to her testimony, having been sixty-one dollars. The defendant objected to the question to the bookkeeper whether his cash overran that day. It obviously would have done so, if the defendant had actually deposited the sum testified by Mrs. Sawin to have been received by him. If this question involved a single transaction, as if the money in the cash-drawer had been counted immediately before the deposit by the defendant, and then immediately afterwards, the amount of the sum deposited would be clearly shown. It would not seriously be contended that such evidence was inadmissible when the amount was in dispute. The fact that the question involves the business of an entire day, and thus that, by reason of the number of transactions that had taken place, there was an opportunity for mistake as to the amount on hand received, counted, or deposited, in connection with such other transactions, so that it was possible that the discrepancy between the amount which should have been found in the drawer, if Mrs. Sawin's evidence were true, and the amount actually found, might be attributable to error in such other transactions, constitutes an argument as to the weight, and not an objection to the competency, of the evidence. Evidence

is not to be rejected because it fails to be conclusive; it is sufficient if it fairly tends to prove a point sought to be established.

The defendant further contends, that, if the fact that the cash balanced upon the basis that fifty dollars only was paid in by him was competent, it could only have been proved by the books. This objection does not appear to have been taken at the trial, and can hardly be considered open. But it was not a question of what the books contained, but whether the amount on hand in the morning, adding thereto the amounts received during the day, equalled the amounts paid out during the day, adding thereto the balance on hand at the close of business. If the bookkeeper was able to state, as matter of fact, that these amounts balanced, treating the amount received from Mrs. Sawin as the defendant had entered it, he might do so, even though the statement involved the several minor facts of other receipts and payments.

In a conversation subsequent to the alleged acts of embezzlement, there was evidence that the defendant admitted that he had been taking money from his employer, Pope, whose property was alleged to have been embezzled, "all along ever since he began to work for him, but could not say how much he had taken." It appeared that no allusion was made to the specific matters charged in the indictment, by name, words, or figures. The judge instructed the jury, that they should not consider this confession, unless it had reference to some of the specific matters charged in the indictment. This was certainly sufficiently favorable to the defendant, as testimony in reference to similar transactions is admissible to show the criminal intent of a party when other transactions of the same general character, and connected therewith, are investigated. *Commonwealth* v. *Shepard*, 1 Allen, 575. *Commonwealth* v. *Eastman*, 1 Cush. 189, 216. *Commonwealth* v. *Tuckerman*, 10 Gray, 173. Nor is the admission of this evidence open to the objection that it was not competent for the jury to say that the confession related to the specific matters charged in the indictment. Even if those were not mentioned by name or other particular designation, a confession which related to a course of conduct pursued by the defendant during his whole employment in the service of the person whose

property he was alleged to have embezzled, necessarily had reference to, and characterized, all the acts and matters charged to have been done within that time.     *Exceptions overruled.*