THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES REMER, Appellant.— Judgment of the County Court of Kings county convicting defendant of the crime of taking unlawful fees in violation of section 1826 of the Penal Law reversed on the law and a new trial ordered. Independent and corroborative proof tending to connect the defendant with the commission of the crime was essential. Such proof need not be of great probative force. (*People* v. *Dixon*, 231 N. Y. 111, 116.) We are of opinion that the proof in the case, as submitted to the jury, while

competent, did not, standing alone, measure up to the standard required. The applicability of the Code of Criminal Procedure (§ 399), the status of Campo as an accomplice as a matter of law, and the need of independent proof were not presented to the jury by the learned trial judge in any form in his charge. However, had the testimony of the special investigator of the public welfare department as to an alleged admission made by the defendant not been struck from the record by the trial court, there would have been ample corroboration. That testimony was struck out on the theory that it was inadmissible because it involved the commission of independent crimes. The nature of the admission was that defendant had taken fifty dollars by way of gratuities generally but could not remember whether or not all or part of that sum was received from this particular complainant. It was, therefore, impossible to segregate from that admission, as bearing upon this particular crime, the admission of the defendant as to the commission of other crimes. But that did not render the admission useless as evidence against him. It was for the jury, under the circumstances, to determine the applicability of the general admission of money taken to the specific crime charged in the indictment (*Commonwealth* v. *Sawtelle*, 141 Mass. 140; *People* v. *Cahill*, 193 N. Y. 232) in conjunction with the poor memory of the defendant as to the complaint in question. The admission here was competent and, on the new trial, should be submitted to the jury by the trial court, under proper safeguards in the way of instruction to the jury to disregard that element of it which dealt with the commission of other crimes. Lazansky, P. J., Hagarty, Tompkins and Davis, JJ., concur; Carswell, J., dissents and votes to affirm.