THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ETHEL SMOLENS and Others, Defendants, Impleaded with SANFORD GOLDNER, SAMUEL J. PINSKER, MAURICE MILLER, Also Known as MURRAY MILLER, JOHN C. SCIRANKA, HERMAN J. RINGEL and FERDINAND W. BUERMEYER, Appellants.

First Department, January 12, 1940.

*H. E. Konnoson* of counsel for the appellant Ferdinand W. Buermeyer.

*Charles W. Gould,* of counsel for the appellant John C. Sciranka.

*Allen Ducker,* of counsel for the appellant Samuel J. Pinsker.

*Henry M. Fertig,* of counsel for the appellant Maurice Miller.

*Murray Kreindler,* of counsel for the appellant Sanford Goldner.

*Walter S. Cooper,* of counsel for the appellant Herman J. Ringel.

*James A. McGough* of counsel [*Benjamin Heffner* and *Colin McLennan* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

Per Curiam. As charged by the court, it was incumbent on the People to prove beyond a reasonable doubt that the Statute of Limitations with respect to the various offenses had not run. (*People* v. *Brown*, 238 App. Div. 155; *People* v. *Reiser*, 240 id. 36.)

We are of opinion that upon the record before us the People did not sustain this burden with respect to the charges in the indictments on which the jury rendered verdicts of guilty against the defendants Ferdinand W. Buermeyer, Samuel J. Pinsker, Maurice Miller and Herman J. Ringel.

We are also of opinion that upon the evidence adduced it was shown that these defendants by their conduct had, before the period of limitations in each case, withdrawn from the conspiracy under the principles of *Hyde* v. *United States* (225 U. S. 347); *Eldredge* v. *United States* (62 F. [2d] 449); *People* v. *Collins* (234 N. Y. 355); *People* v. *Marwig* (227 id. 382); *People* v. *Chapman* (224 id. 463).

In this view it becomes unnecessary to pass upon the question as to whether the trial judge committed reversible error in his refusal to charge a specific request of counsel for the defendant Ferdinand W. Buermeyer respecting the failure of said defendant to testify in his own behalf, under the rule recently laid down by the Court of Appeals in *People* v. *Forte* (277 N. Y. 440).

As to these defendants, therefore, the judgments of conviction must be reversed and the indictments dismissed upon the ground that as to each count on which they were convicted the Statute of Limitations (Code Crim. Proc. § 142) had run.

As to the defendants John C. Sciranka and Sanford Goldner, we are of opinion that there was sufficient evidence to justify the verdicts of guilty as found by the jury and that as a matter of law it may not be said that they were not accorded a fair trial or that there were material errors in the charge which would require a reversal and the granting of new trials.

It follows, therefore, that the judgments of conviction with respect to the defendants Ferdinand W. Buermeyer, Samuel J. Pinsker, Maurice Miller and Herman J. Ringel should be reversed and the indictments dismissed and that the judgments of conviction against defendants John C. Sciranka and Sanford Goldner should be affirmed.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.

Judgments of conviction against the defendants Ferdinand W. Buermeyer, Samuel J. Pinsker, Maurice Miller, also known as Murray Miller, and Herman J. Ringel unanimously reversed and the indictments against said defendants dismissed. Judgments of conviction against the defendants John C. Sciranka and Sanford Goldner unanimously affirmed.