Hyman Barshay, J.
This is a motion by the defendant for an inspection of the Grand Jury minutes, or in the alternative, for an order dismissing the indictment filed on January 31,1967, on the following grounds :
1. That illegally obtained evidence was presented to the Grand Jury in violation of section 249 of the Code of Criminal Procedure, which provides: ‘ ‘ The grand jury can receive none but legal evidence.”
2. That the indictment ‘ ‘ contains a jurisdictional defect on its face” in that the crime is alleged to have been committed on April 14,1954, and the indictment fails to contain an explanation or .statement showing that the Statute of Limitations was tolled.
Ground 1:1 have read the minutes and find that the competent and legal evidence adduced before the Grand Jury was sufficient to warrant the finding of this indictment. The motion on that ground is therefore denied.
Ground 2: Records disclose that the defendant was arrested in 1954 and charged with the homicide of one Willie Richardson on or about April 14,1954. The Grand Jury heard and dismissed the charge for lack of evidence on June 2,1954. The defendant was discharged.
On June 9, 1966 the defendant voluntarily appeared at the 71st Precinct in Brooklyn where, after being advised of his constitutional rights by detectives, he still desired to and did make a statement in which he said that he and the deceased had been drinking wine together in the cellar of a house in Brooklyn, had an argument during which he struck the deceased over the head several times with a coal shaker and ran from the premises; he remained at a house on Ocean Avenue for a couple of days, *278 where he was arrested on April 15, 1954. He told the police officers that the reason he is making the statement now is because he had spoken to his preacher and wanted to get it off his chest. The defendant repeated the aforesaid statement to an Assistant District Attorney after having been advised of his constitutional rights. It was stenographically recorded.
On December 5, 1966, an order was signed authorizing the District Attorney, on the basis of the aforesaid facts, to resubmit the charge of homicide against the defendant to a regularly empanelled Grand Jury of this county (McDonald, J.).
On January 31, 1967, an indictment was presented and filed charging the defendant with the crimes of manslaughter in the first degree (1 count) and assault in the second degree (2 counts) alleged to have been committed on April 14, 1954. The defendant contends that on its face the indictment is invalid because it contains no explanation as to how the Statute of Limitations was tolled.
Section 142 of the Code of Criminal Procedure provides: “ 1. Except as otherwise provided in this section, (a) a prosecution for a felony, other than murder or kidnapping, or a prosecution for the crime of conspiracy to commit a felony must be commenced within five years after its commission, except where a lesser time is prescribed by statute.”
Section 143 of the code provides, in part: “ If, after the crime is committed, the defendant departs from the state, or if he remains within the state under a false name, the time of his-absence or of such residence within the state under such false name is not a part of the time limited for the commencement of the prosecution.”
This case is governed by the five-year Statute of Limitations. The indictment on its face discloses that the statute has run. Neither in the District Attorney’s affidavit submitted in support of his application for an order of resubmission nor in the minutes of the Grand Jury is there any evidence that after the commission of the crime the defendant departed from the State or that he remained within the State under a false name. However, the fact that the indictment on its face discloses that the Statute of Limitations has run does not render it invalid. In People v. Brady (257 App. Div. 1000) the court stated: “ The Statute of Limitations in criminal cases (Code Crim. Pro. § 142), as in civil actions, is a statute of repose. (People v. Bailey, 103 Misc. 366.) It may be raised as a defense at the trial, under a plea of not guilty (People v. Brown, 238 App. Div. 155), but it may be waived by failure of defendant to invoke it. (People v. Blake, 121 App. Div. 613; affd. 193 N. Y. 616 on the ground that *279 the Statute of Limitations was not sufficiently raised at the trial.) Since there may be a waiver, an indictment which on its face shows the statute has run is not invalid.” (Cf. People v. Kaplan, 143 Misc. 91, wherein it was held that the Statute of Limitations cannot be raised on demurrer but only on trial under general issue, although it appears on face of indictment that statute had run.)
The motion to dismiss the indictment is therefore denied without prejudice to a renewal thereof on appropriate proof before the trial court that the Statute of Limitations has run.