Breitel, J.
Defendant attacks an indictment charging him with the felony of taking unlawful fees as a public officer (former Penal Law, § 1826). The issues turn on the failure of the indictment to allege facts tolling the Statute of Limitations, the applicable tolling statute, and the sufficiency before the Grand Jury of nonaccomplice corroboration (former Code Grim. Pro., § 399).
Philip Kohut, one-time dominant political leader in the City of Long Beach and Commissioner of Public Safety, was indicted in New York County in 1964 for accepting unlawful fees. The indictment was dismissed on motion upon the ground that New York County lacked territorial jurisdiction, with direction, however, that the matter be submitted to the Nassau County Grand Jury (49 Misc 2d 1035; see 17 N Y 2d 705 as to direction to resubmit). The Appellate Division reversed and reinstated the indictment (25 A D 2d 10). This court, two Judges dissenting, reversed and held that the indictment had been properly dismissed (17 N Y 2d 705, supra).
The present indictment was handed up in Nassau County 18 days after the dismissal of the earlier New York County indictment. The County Court, Nassau County, dismissed the indictment for untimeliness and insufficient accomplice corroboration. The Appellate Division unanimously reversed and reinstated the indictment (36 A D 2d 953).
The order should he affirmed. Limitation-tolling facts, saving an otherwise untimely prosecution, need not be alleged in an indictment. Moreover, the defense of time bar, absent a statute to the contrary, is to be raised on the trial and not on motion addressed to the sufficiency of the indictment. When properly raised the prosecution has the burden of establishing beyond a reasonable doubt facts tolling the limitation. There is an applic *187 able tolling statute. Nonaccomplice corroboration before the Grand Jury was adequate.
Defendant is charged with accepting $23,500, in four installments of $5,875 each, from a manufacturer of parking meters. In return for these sums defendant, then Commissioner of Public Safety, allegedly induced the City of Long Beach to purchase approximately 1,500 to 2,000 meters. The indictment alleges these events to have occurred between 1957 and January, 1960. The indictment was handed up July 9,1965, beyond the five-year period of limitation stipulated for felonies (Code Grim. Pro., § 142). No facts are alleged in the indictment which would toll the limitation.
To sustain the timeliness of the prosecution the People rely on section 144-a of the Code of Criminal Procedure which extends the time limit when a prior and timely indictment has been dismissed under circumstances allowing reindictment. Assuming the statute’s applicability, a matter discussed later, defendant argues that the failure to allege tolling facts renders the indictment defective. A preliminary issue, therefore, is whether an indictment must allege the facts of a crime within the period of limitation, else allege further facts saving the prosecution under an applicable tolling statute.
Of statutes setting forth necessary allegations in indictments, none requires allegations avoiding time limitations (Code Grim. Pro., §§ 280, 284, subd. 5; 295-a; see, also, new GPL 200.50). The requirement, if any, is found in general principles of criminal pleading. Essential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense. (Compare People v. Devinny, 227 N. Y. 397, 401 with People v. Bradford, 227 N. Y. 45, 47; People v. Stedeker, 175 N. Y. 57, 66-67; Fleming v. People, 27 N. Y. 329, 332-333; 1 Bishop, Criminal Procedure [2d ed., 1872], § 639; 1 Chitty, Criminal Law [5th ed., 1847], p. 223; Wharton, Criminal Practice and Pleading [9th ed., 1889], § 238.)
Limitations are imposed by independent statute. They are neither exceptions nor provisos as categorized in the cases. *188 Hence, in an analogous, if not a stronger sense, they are matters of defense, and avoidance need not be alleged in the indictment. The conclusion is reinforced by a long and all but unbroken series of precedents holding that indictments are not insufficient merely because on the facts alleged the crime may be time-barred.
The rule was first expressed in this State in 1821 in People v. Santvoord (9 Cow. 655), in which the issue had been extensively briefed. In a.prosecution for forgery it appeared from the face of the indictment that the crime might be time-barred. On the trial and following objection of untimeliness by defense counsel, the People proved that the defendant had been outside the jurisdiction thus tolling the limitation. Defendant argued that the indictment was defective unless it alleged the tolling. The court in concluding that “ the day laid in the indictment must be regarded as wholly immaterial for all purposes ” rejected contrary English authorities. The court noted the practice that untimeliness be raised under the general issue with the prosecution given an opportunity to prove facts to toll the limitation. (Id., at p. 66.0,)
For well over a century this rule of pleading and practice had been followed consistently. Once timeliness was raised under the general issue the prosecution had the burden of persuasian beyond a reasonable doubt that the limitation was tolled. (People v. Roe, 5 Parker Cr. Rep. 231 [Court of Oyer and Terminer, 1862]; People v. Durrin, 2 N. Y. Crim. Rep. 328, 330-334 [Court of Oyer and Terminer, 1884]; People v. Willis, 23 Misc. 568, 573 [1898]; People v. Bailey, 103 Misc. 366 [Goff, J., in an exhaustive opn., 1918]; People v. Kaplan, 143 Misc. 91, 93-94 [Rosalsky, J., 1932]; People v. Brown, 238 App. Div. 155, 157 [1933]; People v. Brady, 257 App. Div. 1000 [1939].)[1] True, other jurisdictions require that the indictment appear timely on its face and that tolling facts be pleaded (e.g., People v. Ross, 325 Ill. 417, 420-422; State v. Colvin, 284 Mo. 195, 198; State v. Tupa, 194 Minn. 488; Ann., Indictments—Showing As To Limi *189 tation, 99 A. L. R 153; 42 C. J. S., Indictments And Informations, § 125, subd. e, pp. 1010-1011). Nevertheless, commentators at one time were unanimous that in New York, as in some other States, the rule was otherwise (1 Chitty, Criminal Law [5th ed., 1847], p. 223, supra; 1 Bishop, Criminal Procedure [2d ed., 1872], § 405, pp. 244-245, supra; 1 Bishop, Pleading and Evidence and the Practice in Criminal Cases [4th ed., 1895], pp. 251-252; Wharton, Criminal Practice and Pleading [9th ed., 1889], § 318, pp. 217-218, supra). Bishop on Criminal Procedure, after noting that in reviewing the sufficiency of an indictment the time stated will be assumed to be true, observed: “ From this principle it might seem to follow, that, if, taking the time alleged in the indictment to be the true time, the offense is barred by the Statute of Limitations, the indictment will be adjudged insufficient, unless it contains also some allegation showing the case to come within an exception in the statute. Some courts have so held [footnote omitted]. And if the statute is so general that there cannot be an exception to its operation in the particular case, plainly the indictment is bad if the offence appears on the face of it to be barred by the statute [footnote omitted]. But the better doctrine [citing New York and other jurisdictions] seems also to be, that the prosecutor is not bound to set out in an indictment such facts as he may rely on in avoidance of the more general provisions of the statute; therefore, though the offense appears by the general provisions to be barred, yet, if in truth it is not by reason of some exception, he may state the true time, and the indictment will not be held to be bad on its face ” (at pp. 244-245).
The Supreme Court, in a Federal prosecution, required untimeliness to be raised at trial and not by preliminary motion (United States v. Cook, 84 U. S. 168, esp. at pp. 179-180). In preferring this practice the court was persuaded by the general principle that exceptions to criminal statutes are matters of defense to be raised at trial. It said: 1 ‘ Accused persons may avail themselves of the statute of limitations by special plea or by evidence under the general issue, but courts of justice, if the statute contains exceptions, will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evi *190 deuce, as the case may he, that the defendant fled from justice and was within the exception. Nor is it admitted that any different rule would apply in the case even if the statute of limitations did not contain any exception, as time is not of the essence of the offense; and also for the reason that the effect of the demurrer, if sustained, would be to preclude the prosecutor from giving evidence, as he would have a right to do, under the general issue, to show that the offense was committed within two years next before the indictment was found and filed.” (at pp. 179-180). (See, also, Biddinger v. Commissioner of Police, 245 U. S. 128, 135; United States v. Franklin, 188 F. 2d 182; Capone v. Aderhold, 65 F. 2d 130, 131.)
Such then was the state of the law in New York prior to People v. Hines (284 N. Y. 93). In the Hines case, the defendant moved to quash a conspiracy count in a 13-count indictment on the ground that the overt act alleged occurred more than two years before the filing of the indictment. The motion was denied. Following a jury verdict of guilty on all 13 counts, this court modified the judgment of conviction saying that an indictment to be sufficient must plead a timely prosecution. It was said: “ [A]n indictment must allege ‘ a plain and concise statement of the act constituting the crime ’ (Code Crim. Proc., § 275), which has not been barred by the running of the Statute of Limitations ”. A defendant, the court continued, is “ entitled to have the indictment in this count allege a crime for which he could be prosecuted. Unlike a Statute of Limitations in a civil case, such a statute in a criminal case creates a bar to prosecution and the time within which an offense is committed becomes a jurisdictional fact which the State must allege and prove.” (id., p. 113). No authority was offered in support except for Wharton on Criminal Evidence (11th ed., § 198). The cited material discussed only on whom the burden of proof lay and not the matter of pleading. Nor did the briefs on appeal offer any support for this abrupt departure from the New York rule. There was reference, however, to some lower court Federal cases, dealing with the different question of when the Statute of Limitations starts to run in a conspiracy case. Indeed, appellant had not raised the pleading point upon which the determination rested;
*191 Defendant in this case argues for dismissal of the indictment on the authority of the Hines case. To be sure, the broad premise in Hines, if followed, would resolve the issue in defendant’s favor. But unless the Hines rationale is independently persuasive, in the light of established and persistent contrary precedent, it ought not be followed. Moreover, the Hines premise has not been followed and, indeed, at least one recent case held contrarily without referring to it (People v. Horton, 53 Misc 2d 277, 278-279).
Whether an indictment should allege tolling facts is purely a technical matter. On any view, the prosecution has the burden of persuasion beyond a reasonable doubt in establishing that the limitation has been tolled (see, e.g., People v. Smolens, 258 App. Div. 373; People v. Brown, 238 App. Div. 155, 157, supra; People v. Steiger, 154 Misc. 538, supra). By the allegations of time in the indictment defendant is on notice that the prosecution is charging an offense which may be time-barred. No useful purpose of narrowing issues or giving notice is served in requiring anticipatory pleading in the indictment, and, on the other hand, a technicality could be used belatedly to stifle an otherwise viable prosecution. Consequently, the better view would be to overrule so much of the Hines reasoning as is inconsistent with the long line of considered authority in this State, and hold that on this score the present indictment is good.
But defendant’s attack on the indictment for untimeliness goes further. He contends that regardless of any unmet pleading requirement, the tolling provision relied on by the People is not applicable. Section 144-a allows a 60-day extension to reindict where the prior indictment was dismissed on motion, or on demurrer with direction ‘ ‘ that the case be resubmitted to the grand jury”.[2] Defendant, ignoring the situation on motions to dismiss, argues that the word “ resubmitted ” in *192 connection with demurrers is confined to a submission to the same Grand Jury, or a Grand Jury in the same county, not in a different county as occurred here.
Ordinarily, the issue would be premature. Earlier discussion makes clear that untimeliness must be raised at trial under the general issue and not by pretrial motion. Nevertheless, the matter should be resolved to expedite an already much-too-old prosecution. If the issue were not now resolved, the new Criminal Procedure Law might allow a pretrial motion by defendant to raise the same point (CPL 1.10, subd. 2; 210.20, subd. 1, par. [f]).
No authority is offered in support of defendant’s statutory interpretation. The section, in dealing with demurrer, does not require resubmission to a Grand Jury in the same county, an impossibility if the dismissal was based on lack of territorial jurisdiction. The word “ resubmitted ” refers simply to a submission without specification where. Nor does section 327 which allows resubmission following successful demurrer limit the resubmission to the same Grand Jury or a Grand Jury drawn from the same county. The section provides that upon allowing a demurrer the court may direct resubmission to “ the same or another grand jury.”
Section 323, moreover, which lists the bases for demurrer, requires expressly that the defect appear on the face of the indictment. The New York County dismissal depended not upon a defect appearing on the face of the indictment but on proof that the indictment rested on evidence none of which established a sufficient nexus with New York County (49 Misc 2d 1035,1036-1037, supra). Hence, the New York County dismissal involved a motion, as it always was regarded and described, and not a demurrer. The consequences are important in determining whether an order for resubmission was necessary and whether section 144-a tolled the limitation applicable.
The purpose of section 144-a is tó toll limitations whenever a timely indictment has been set aside under circumstances not barring reindictment (Code Grim. Pro., §§ 320, 327, 470, 673). The statute, quoted earlier (n. 2), tolls limitations where: 1. the indictment is set aside (§ 313) or dismissed for want of prosecution or otherwise (§ 667 et seq.); 2. a demurrer is allowed with directions for resubmission (§ 327); and 3, arrest of judg *193 ment is granted and defendant recommitted to answer a new indictment (§ 470). As noted, the New York County indictment was not overturned by demurrer addressed to the face of the indictment, but on motion. Consequently, a resubmission order was not necessary and the prosecution had 60 days to obtain a new indictment in the proper county.
Assuming, however, that an order for resubmission as in the instance of demurrer was required, the direction by the motion court upon dismissing the New York County indictment that the case be submitted ‘ ‘ to another grand jury ’ ’ sufficed. Actually, there is question whether former section 327 bars reindictment only in the same county. Thus, subdivision 4 of section 210.20 of the new Criminal Procedure Law which restates the relevant part of section 327 bars reindictment, in the absence of a resubmission order, in the same county only. The right to prosecute in other counties is expressly reserved.
Thus, on several different views of the statute’s impact, the 60-day extension under section 144-a is available. A resubmission order is not required in the instance of a dismissal on motion as contrasted with a demurrer. Even if required, there was a sufficient resubmission order. Moreover, if generally required a resubmission order is essential only for reindictment in the same county.[3]
Finally, defendant argues that there was insufficient corroboration before the Grand Jury to sustain the accomplice testimony of one Eobinson, an officer of the Duncan company, on which the Nassau County indictment rests.
Under the applicable rules, Eobinson was an accomplice as a matter of law (People v. Mullens, 292 N. Y. 408, 414; People v. Clougher, 246 N. Y. 106, 110-111; People v. Caldwell, 9 A D 2d 921). Assuming that his testimony if unexplained would support a conviction, it must be corroborated by such “ other evidence as tends to connect the defendant with the commission of the crime ” (§ 399). To be sure, it is not sufficient that the independent proof confirms the facts or history of the crime as recited by the accomplice witness (see People v. Mullens, supra, at pp. 415-416). On the other hand, the independent evidence need not, as mistakenly said by the motion court, exclude to a *194 moral certainty every hypothesis but that of wrongdoing. The test is less rigid. As explained in People v. Morhouse (21 N Y 2d 66, 74) “ The corroboration need not, as must circumstantial evidence, lead exclusively to the inference of the defendant’s guilt. As this court has noted, even 1 [m] atters in themselves of seeming indifference * * * may so harmonize with the accomplice’s narrative as to have a tendency to furnish the necessary connection between the defendant and the crime. ’ ’ ’ (See, also, People v. Leo, 23 N Y 2d 556, 560-561; People v. Reddy, 261 N. Y. 479, 484; People v. Dixon, 231 N. Y. 111, 116; People v. Bloodgood, 251 App. Div. 593, 598; People v. Remer, 243 App. Div. 566.)
The independent proof presents sufficient corroboration. It confirms Robinson on the details of the licensing arrangement, including the receipt by defendant of $22,000. It demonstrates that defendant was responsible for placing or continuing parking meter purchases. There must, however, be some other proof, however slight, showing that the licensing agreement was a quid pro quo for the continued purchase of parking meters, or better was a facade only for the giving and taking of unlawful fees. But even the connection is supplied. Several circumstances gleaned from the Grand Jury minutes provide the essential connection. In the aggregate, the corroboration, however slender, compares favorably with that accepted as sufficient in other “ unlawful fees ” or bribery cases (e.g., People v. Morhouse, 21 N Y 2d 66, supra; People v. Mullens, 292 N. Y. 408, supra). Comparison in this opinion is made difficult only because the Grand Jury minutes have never been and are not open to public inspection.
In the Mullens case defendants, Mullens and Solomon, were indicted for taking unlawful fees. The accomplice testified that he offered $8,000 to Mullens, State Deputy Comptroller, in return for a State printing contract. Mullens then told the witness to bid in at a certain price. After obtaining the contract, the accomplice gave Solomon and Mullens two $4,000 checks at Solomon’s office. The checks were made payable to a nominee at Solomon’s request. With respect to Solomon, whose conviction was reversed for other reasons, the court found sufficient two items of corroboration. Solomon had previously used the nominee, a close associate, as a conduit for funds, and the accomplice’s *195 bookkeeper testified that he had sent two $4,000 checks with the payee’s name blank to Solomon’s office by telephone request of the accomplice. Corroborating Mullens’ complicity was proof that he had urged the State agency to accept the accomplice’s bid; that he had gone to his safe deposit box some four hours after the accomplice had given both Mullens and Solomon $8,000; and the withdrawal by Mullens several months later from his bank account of $3,880.17.
In People v. Morhouse defendant, a political leader, was charged with bribery and aiding a public officer in the taking of unlawful fees. The accomplice testified that defendant had been given substantial sums to help Playboy International obtain a restaurant liquor license. The court noted that although the nonaccomplice testimony was consistent with defendant’s explanation that he was just “selling influence ”, “it also tended to connect the defendant with the crime, which is all the corroboration the otherwise sufficient accomplice evidence required ” (id., at p. 74). Corroboration was found in defendant’s receipt of a gratuitous payment from a publishing company, an affiliate of Playboy; his efforts to have a payment from Playboy transferred to the affiliate’s books; and his admission that he had agreed to “help out ” Playboy in obtaining a liquor license. Most significant in comparison with this case: the Morhouse case was after trial while this case requires application of the test at the Grand Jury stage. (For cases with insufficient corroboration, see, e.g., People v. Reddy, 261 N. Y. 479, 484-486, supra, where flight was deemed insufficient to corroborate accomplice testimony; People v. Cilento, 2 N Y 2d 55, 63, mere association with members of a bribery conspiracy and an exchange of automobiles found insufficient; People v. Richards, 5 AD 2d 827.)
In summary, the indictment should stand. It is not on its face defective for failure to allege facts tolling the Statute of Limitations. The tolling statute, section 144-a, is applicable. Finally, independent circumstances support the accomplice testimony before the Grand Jury.
Accordingly, the order of the Appellate Division should be affirmed.

. Later contrary cases are People v. Reiser, 240 App. Div. 36, where as an alternative holding, one Justice, without the concurrence of others on the panel, concluded that an indictment must allege facts tolling the Statute of Limitations, and People v. Steiger, 154 Misc. 538, citing the Reiser ease as the sole authority.

. The statute reads: “If a prosecution be commenced within the time limited therefor and, on motion or on appeal, the indictment be set aside or dismissed for want of prosecution or otherwise, or a demurrer to the indictment be allowed with directions that the ease be resubmitted to the grand jury, or a motion in arrest of judgment be granted and the defendant be recommitted to answer a new indictment, the time during which the prosecution was pending shall not be computed as part of the time of the limitation prescribed for the offense, provided a new prosecution for the same offense be commenced within sixty days after the order is entered.”

. Under CPL 30.10, subd. 4, par. b, there would be no question about the time extension of an earlier prosecution lawfully commenced.