THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES E. FRISBIE, Respondent.

Third Department, January 25, 1973.

*Robert E. Jones, District Attorney,* for appellant.

*Frank E. Visco* for respondent.

REYNOLDS, J. This is an appeal from an order of the County Court, Cortland County, which dismissed an indictment charging defendant with the crime of perjury in the second degree (Penal Law, § 210.10).

On October 2, 1970 defendant, currently serving a 1- to 3-year sentence following a conviction of robbery in the third degree, allegedly swore to a petition entitled "Affidavit in Support of a Writ of Error Coram Nobis" which purportedly contained certain false statements. After arraignment, defendant moved to dismiss the indictment "in the interest of justice", which motion was denied. Defendant thereafter moved to inspect the Grand Jury minutes and to dismiss the indictment pursuant to CPL 210.20 which motion was granted, and the instant appeal ensued.

In his motion to inspect the Grand Jury minutes and to dismiss the indictment pursuant to CPL 210.20, defendant set forth three grounds: that the evidence before the Grand Jury was defective in that there was no evidence tending to establish that the defendant was actually "under oath" when he executed the petition for a writ of error *coram nobis*; that the indictment is "defective" in that a petition for a writ of error *coram nobis* is not a "subscribed, written statement for which an oath is required by law" as required by section 210.10 of the Penal Law; and that the indictment is fatally defective in that the petition sets forth several different allegations of varying types and thus the indictment should be a multi-count indictment as a matter of law. Defendant's attorney did not, however, indicate specifically the paragraph of subdivision 1 of CPL 210.20 upon which he relied for each ground advanced, and it is, of course, quite important upon which paragraph a dismissal is premised. For example, a dismissal upon any of the grounds set forth in paragraphs (a), (b), (c) and (i) of subdivision 1 of CPL 210.20 does not totally preclude the resubmission of the charge to the same or another Grand Jury, while a dismissal upon any of the other five grounds does preclude resubmission (CPL 210.20, subd. 4). Moreover, if grounds set forth in paragraph (a) are alleged, the People may have the opportunity

to amend the indictment (CPL 210.25, subd. 1) and if grounds set forth in paragraph (b) are alleged, the motion to dismiss "must be preceded or accompanied by a motion to inspect the grand jury minutes" (CPL 210.30, subd. 1). Finally, it is clear that paragraph (h) is to be used only when none of the other eight paragraphs sufficiently sets forth a specific defendant's ground for dismissal.

The County Court in its decision ignored the motion to inspect the Grand Jury minutes and defendant's first and third grounds, found the second allegation dispositive of the motion, placed this allegation under the catch-all paragraph (h), decided the motion on the merits for defendant and dismissed the indictment without prejudice to the right of the People to initiate a criminal action for the crime of perjury in the third degree, a lesser included offense. This decision cannot stand. First, as noted, if the dismissal were made pursuant to paragraph (h), under the statute any future criminal action by the People is precluded. Secondly, defendant's second allegation should not have been placed under paragraph (h) of subdivision 1 of CPL 210.20. The allegation rather clearly fits under paragraph (b), and the result there is quite different. Under paragraph (b), for dismissal, the evidence must be legally insufficient to establish the offense charged or any lesser included offense. Thus, an indictment may not be dismissed on the ground that evidence before the Grand Jury was not legally sufficient to establish the offense charged, if it is legally sufficient to establish a lesser included offense and the court quite rightly noted that the evidence before the Grand Jury might well be legally sufficient to establish the offense of false swearing (Penal Law, § 210.05). Moreover, since paragraph (b) was involved, the court, as noted, should have first considered the motion to inspect the Grand Jury minutes. Subdivision 3 of CPL 210.30 states: " If the court determines that there is reasonable cause to believe that the grand jury evidence may not have been legally sufficient, it must grant the motion to inspect the grand jury minutes. It must then proceed to examine the minutes and to determine the motion to dismiss the indictment ", and subdivision 5 of the same section states: " In any case, the court must place on the record its ruling upon the motion to inspect."

Accordingly, the case must be remitted to the County Court to make an appropriate determination with respect to the motion to inspect the Grand Jury minutes and then to determine the merits of defendant's motion to dismiss in accordance with this decision.

We do not, at this time, consider the question of whether a petition for a writ of error *coram nobis* is " a subscribed written instrument for which an oath is required by law."

The order should be reversed, on the law and the facts, and the matter remitted to the County Court, Cortland County, for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Order reversed, on the law and the facts, and matter remitted to the County Court, Cortland County, for further proceedings not inconsistent herewith.