OPINION OF THE COURT
Harry E. Seidell, J.
The defendants are charged in a single count indictment with grand larceny in the third degree as follows: “The defendants, each aiding the other and acting in concert with other persons, on or about and between July 3, 1976 and October 14, 1976 in Suffolk County, stole certain property from the insurance company of north America, namely, United States currency, have an aggregate value of more than two hundred fifty dollars.”
On a previous motion, with the consent of the People, the court granted the defendants’ motion to inspect the Grand Jury minutes (CPL 210.30) to the extent that the court inspected the minutes, in camera, and determined as follows: “The Court has inspected the Grand Jury minutes and finds that the evidence presented to the Grand Jury is legally sufficient to support the indictment *341 or a lesser included offense (People v Frisbie, 40 A.D.2d 334, 339 N.Y.S.2d 985).”
At a subsequent pretrial conference the court confirmed that it found the evidence legally insufficient to support the charge of grand larceny in the third degree but sufficient to support a lesser included offense.
In view of the foregoing, defendants seek to reargue the motion and to assert pursuant to CPL 210.20 (subd 1, par [f]) untimely prosecution as a bar to the prosecution of the lesser included misdemeanor. The issue of Statute of Limitations was not argued by any party on the initial motion nor was it considered by the court. The Statute of Limitations is a valid defense (People v Kohut, 30 NY2d 183; People v Soto, 76 Misc 2d 491) and may be raised by a pretrial motion to dismiss (CPL 210.20, subd 1, par [f|). In the interest of justice and good cause having been shown the court, in its discretion, grants reargument, also, this appears to be a case of first impression.
The indictment may only be dismissed pursuant to CPL 210.20 (subd 1, par [b]) if there is insufficient evidence to sustain the crime charged or a lesser included offense (People v Frisbie, 40 AD2d 334; People v Leichtweis, 59 AD2d 383). The court now specifically holds that the evidence presented to the Grand Jury is legally insufficient to support the crime charged, a class “E” felony. However, absent the Statute of Limitations (CPL 30.10) the evidence is sufficient to sustain, prima facie, the lesser included offense of attempted grand larceny in the third degree, a class “A” misdemeanor (Penal Law, § 110.05, subd 7).
A motion to dismiss the indictment on the ground that the prosecution is untimely, pursuant to CPL 30.10, is properly made after arraignment (CPL 210.20, subd 1, par [f]). The defense of Statute of Limitations may be waived by a defendant (People v Lohnes, 76 Misc 2d 507), however, once the defense has been asserted the People have the burden of proof, with respect to the statute, beyond a reasonable doubt (People v Kohut, supra).
Clearly, any misdemeanor to be tried in connection with this case is barred by the Statute of Limitations, *342 unless extended pursuant to CPL 30.10 (subd 3). In this regard the People contend that the defendants, acting in concert, violated a broad fiduciary duty in failing to advise the insurer of all the pertinent facts and, therefore, the period of limitation is extended (CPL 30.10, subd 3, par [a]). The court finds, however, from the examination of the entire file and its previous examination of the transcript of the Grand Jury minutes and the papers submitted, herein, that sufficient information was provided the insurer to at least enable it, with reasonable diligence, to have discovered all of the facts within the time set forth in the indictment. It must be noted here, again, that the crime charged in the indictment is not sustained by the evidence presented to the Grand Jury.
Therefore, the motion to dismiss the lesser included offense on the ground that prosecution is barred by the Statute of Limitations (CPL 30.10) is granted.
Since there is no lesser included offense to the crime charged in the indictment which is prosecutable in this county, there is no crime to prosecute under the indictment. Accordingly, the motion to dismiss the indictment pursuant to CPL 210.20 (subd 1, pars [b], [f]) is granted.
The indictment as to each defendant is dismissed. Bail, if any, is exonerated.