OPINION OF THE COURT
Gerard E. Delaney, J.
By its order dated August 4, 1981 in this same matter the court reserved decision on defendant’s motion to dismiss the indictment pursuant to CPL 210.30 and implicitly CPL 210.20 (subd 1, par [f]). The court has now received a further memorandum of law from the People and reviewed that portion of the Grand Jury presentment relating to the instant indictment.
Defendant has been indicted for the crime of conspiracy in the sixth degree, in substance, that he is alleged to have conspired with a George Durr, Vincent Logozio and Ronald DiDonato to pay a fee of $5,000 to unnamed employees of the New York Medical College in order to have his son admitted to such school.
In his initial moving papers, defendant specifically attacked the sufficiency of the evidence before the Grand Jury on the basis that from the indictment’s alleged overt acts in furtherance of that conspiracy, no overt acts occurred within the running of the two-year Statute of Limi *988 tations for class B misdemeanors (see CPL 30.10, subd 2, par [c]), prior to the filing of the indictment on February 24, 1981 and thus implicitly also sought relief under CPL 210.20 (subd 1, par [f]). He also attacked the indictment under CPL 210.25 on the basis that it is defective within the meaning of CPL 200.50 (subds 6, 7). Under the same rationale this court found the indictment superficially correct under CPL 200.50, in that sufficient allegations of conspiracy in the sixth degree and certain proper overt acts appeared on the face to be valid; however, the court further stated that more was required in a conspiracy charge to avoid jurisdictional defects by not effectively charging the defendant with the commission of a crime. (Cf. People v Iannone, 45 NY2d 589, 594.) In order to convict on the charged conspiracy, section 105.20 of the Penal Law requires an “overt act [to be] alleged and proved to have been committed by one of the conspirators in furtherance of the conspiracy.” (Emphasis added.) Failure to allege a sufficient overt act is a failure to allege the crime of conspiracy and is a jurisdictional defect. (People v Russo, 57 AD2d 578, 579.)
Set forth below are the five overt acts alleged by the People and the court’s prior rulings on each:
“‘1. On or about and between December 1, 1978 and January 19, 1979, the defendant met with the said George Durr in the City of Peekskill and told the said George Durr that he, the defendant, would pay a sum of money to secure the admission of his son into the New York Medical College.’
“A meeting to discuss plans is not an overt act done in furtherance of the conspiracy, but is only part of the agreement itself. People v. Hines, 284 NY 93; People v. Russo, supra. This is not an overt act.
‘“2. On or about and between December 1, 1978 and January 15, 1979, George Durr and Vincent Logozio met with Donald DiDonato at the letters’ office at the Westchester Medical Center located at Valhalla, New York, and discussed the payment of $5,000.00 to be paid to unnamed employees of the New York Medical College to secure the admission of the defendant’s son to said college.’
*989 “This is not an overt act. See People v. Hines, and People v. Russo, supra.
“‘3. On or about and between January 1, 1979 and February 15, 1979, the defendant in the City of Peekskill gave George Durr $5,000.00 in United States Currency to be given to unnamed employees of the New York Medical College.’
“It is clear that this allegation, if true, constituted an act ‘for purposes of carrying out and furthering the unlawful agreement already entered into by all parties concerned,’ People v. DeCabia, 10 Misc. 2d 923, 925, aff’d 8 App. Div. 2d 825, aff’d 7 NY 2d 823, Accord People v. Teeter, 62 App. Div. 2d 1158, aff’d 47 NY 2d 1002, and is an overt act for purposes of this motion.
“‘4. On or about and between January 1, 1979 and February 15,1979, George Durr and Vincent Logozio gave $5,000.00 in United States currency to Ronald DiDonato at his office at the Westchester County Medical Center to be paid to unnamed employees of the New York Medical College. Ronald DiDonato was then an employee of the County of Westchester and in the position of Associate Director of the Westchester County Medical Center.’
“This alleges a sufficient overt act for purposes of this motion. Id.
“‘5. On or about and between January 1, 1979 and August 1,1979, the defendant communicated by telephone with Ronald DiDonato concerning the progress of DiDonato’s efforts to secure the admission of the defendant’s son into the New York Medical College.’
“This mere communication by telephone of defendant with one of his alleged co-conspirators did not constitute an overt act; People v. Russo; People v. Hines, supra, for purposes of this motion.”
As was noted earlier, and made clear by defendant’s motion, the problem occurs when the further observation is made that both overt acts Nos. 3 and 4 are alleged to have occurred “on or about and between January 1, 1979 and February 15, 1979.” Both acts are alleged to have occurred more than two years prior to the filing of the indictment on February 24, 1981 and thus would appear to fall beyond *990 the two-year Statute of Limitations for the prosecution of conspiracy in the sixth degree. (CPL 30.10, subd 2, par [c].) Generally the Statute of Limitations runs from the date of the last overt act done pursuant to the conspiracy. (Cf. Matter of Doyle, 257 NY 244; Dennis v United States, 384 US 855; Brown v Elliott, 225 US 392.)
If it is assumed, arguendo, that the “overt act” No. 5, as designated by the People, is not a sufficient overt act for the jurisdictional question, then the first issue is whether or not the Statute of Limitations (CPL 30.10, subd 2, par [c] — two years) bars prosecution of the instant crime where the only legal overt acts (Peoples’ Nos. 3 and 4) occurred over two years prior to the commencement of the criminal action. The resolution of such issue must, by necessity, rest on two major Court of Appeals cases: People v Hines (168 Misc 453, affd on other grounds 258 App Div 466, mod 284 NY 93) and People v Kohut (30 NY2d 183), both such cases decided on factual and legal grounds which occurred prior to the enactment of the CPL which became effective in September, 1971. (See infra.) There are several introductory steps which must be taken to appreciate both the law before the Hines and Kohut courts and the effect such had, and continue to have, on the recognition of the crime of conspiracy as it has been recognized by the New York courts for over 100 years.
“The offense of conspiracy was complete at common law on proof of the unlawful agreement. It was not necessary to allege or prove any overt act in pursuance of the agreement. (3 Ch. Cur. Laws, 142; Reg. v. O’Connell, 11 Clk & Fin. 155.) In this state this rule of the common law was changed by the Revised Statutes, and with certain exceptions, it was provided that no agreement should be deemed a conspiracy ‘unless some act beside such agreement be done to effect the object thereof by one or more of the parties to such agreement.’ (2 Rev. St. 692, § 10); [Cf. 3 Rev Stats of NY [5th ed], part IV, ch I, tit 6, § 10; 2 NY Stats [Rev Stats, Edmonds (1863)], part IV, ch I, tit 6, § 10 [a]nd this principle was re-enacted in the Penal Code (§ 171). [L 1881, ch 676.] [The rule was carried forth in substance in section 105.20 of the Penal Law (L 1965 ch 1030, eff Sept. 1, 1967)] ***
*991 “The object of the statute was to require something more than a mere agreement to constitute a criminal conspiracy. There must be some act in pursuance thereof and done to effect its object before the crime is consummated. A mere agreement followed by no act, is insufficient * ^ * The object of the statute is accomplished when it is shown that the parties have proceeded to act upon the agreement.” (People v Sheldon, 139 NY 251, 265-266.)
Thus, current section 105.20 of the Penal Law is read into and becomes an element of each degree of conspiracy offense under article 105 of the Penal Law (People v Hines, supra; cf. People v Fauntleroy, 94 Misc 2d 606, 608-611, revd on other grounds 74 AD2d 612 [on the operation of section 130.05 (subd 3, par [a]) of the Penal Law and the “element” of consent or lack thereof, in crimes of “statutory rape”]).
It is not sufficient, then, for the People to allege merely the elements constituting the illegal combination of the classic common-law conspiracy. New York has long required the additional “element” of the overt act. (See supra.) “Thus, if an individual has the requisite mens rea and does * * * agree with others and commits an overt act in furtherance of performing the substantive crime, then there is no persuasive reason why that individual should escape criminal sanction.” (People v Schwimmer, 66 AD2d 91, 96, affd 47 NY2d 1004.) “Those who believe that proof of the overt act should be required rest their case upon the traditional doctrine that a mere evil state of mind is not punishable; that additional proof should be required to establish that the conspiracy is ‘at work’ and not a project resting solely in the minds of the conspirators; that the danger that equivocal conduct may be found criminal is thus minimized.” (Sobel, The Anticipatory Offenses in the New Penal Law: Solicitation, Conspiracy, Attempt and Facilitation, 32 Brooklyn L Rev 257, 264.)
It is noted and emphasized by this court that the allegations of the instant indictment, if proven at trial, show reprehensible conduct on the part of defendant worthy of criminal sanction. That one would conspire to bribe educational officials for the purpose of gaining admission to a medical school of an applicant on the basis of money offered *992 and not merely rest the applicant’s case on merit alone, is an act which does disservice not only to the applicant, but has the potential, if successful, to do irreparable damage to generations born and unborn who may be medically dependent on the applicant as a doctor who may be unqualified. However, the issue before this court is not guilt or innocence of the defendant for the crime charged, but whether under our system of laws he may be legally prosecuted for such a past offense at this time.
People v Hines (284 NY 93, supra) involved an allegation, inter alia, that Hines conspired with others to contrive an illegal lottery, in which Hines’ part was to provide protection from arrest and prosecution of the conspirators and participants in the illegal gambling venture. The issue of the sufficiency of the pleadings and the State’s Statute of Limitations for criminal acts in Hines (pp 112-114) is directly on point in this case:
“The doubt that may have existed at common law has long since been dispelled by the statutory provisions in our laws *** an overt act is an essential ingredient of the crime of conspiracy. (Penal Law, § 583.) Whatever the relative weight of the unlawful agreement and of the overt act as necessary parts of the crime, the latter is a required element. Since no agreement to commit a crime amounts to a conspiracy unless some act be done to effect the object thereof, the crime is not complete until the doing of the overt act. Thus, the commission of the crime depends for its validity upon the overt act and the unlawful agreement or combination *** is insufficient to constitute the crime. Since an indictment must allege ‘a plain and concise statement of the act constituting the crime’ (Code Crim. Proc. § 275) [now CPL 200.50 (7)], which has not been barred by the running of the Statute of Limitations, it follows that an indictment for conspiracy must contain an allegation of an overt act within the period of limitations * * * (Regardless of proof of overt acts upon the trial, the defendant was entitled to have the indictment *** allege a crime for which he could be prosecuted *** [The Statute of Limitations] in a criminal case creates a bar to prosecution and the time within which an offense is committed becomes a *993 jurisdictional fact which the State must allege and prove * * *
“Since there can be no valid basis for a charge of conspiracy unless an overt act be done to effect the object thereof, the law necessarily implies that such an act must be done within the running of the statutory period of limitations. Moreover, under the plain language of the Code of Criminal Procedure (§ 398) a defendant can be convicted upon proof of one or more overt acts alleged in the indictment [Accord Penal Law, § 105.20, “alleged and proved”]. Obviously, therefore, at least one of the overt acts alleged in the indictment must be within the period of limitations. Otherwise, if all of the overt acts alleged in the indictment were already barred by the Statute of Limitations, the crime could not be established except by proof of one or more of those barred acts. Therefore, regardless of the proof of overt acts upon the trial *** [the conspiracy count] must be dismissed for insufficiency upon the face thereof * * * [T]he defendant was not legally indicted for the crime under the applicable statutes.”
The Court of Appeals ruling in Hines (1940) remained in force until doubt was cast on the validity of its rationale in People v Kohut (30 NY2d 183, supra). Kohut was a public officer indicted for taking unlawful fees, who challenged the sufficiency and timeliness of his indictment. The Kohut court found (p 186) that “the defense of time bar, absent a statute to the contrary, is to be raised on the trial and not on motion addressed to the sufficiency of the indictment.” (Emphasis added.)
The emphasis placed on such language highlights the fact that the Kohut decision was based on the law and facts as they existed prior to the enactment of the current Criminal Procedure Law by the New York Legislature effective September 1, 1971 (L 1970, ch 996), and which law governs the instant motion. (Accord People v Schwenk, 92 Misc 2d 331; People v O’Neil, 107 Misc 2d 340; cf. People v Kase, 76 AD2d 532, 535.)
Kohut’s emphasis was that Statute of Limitations issues were matters of defense. On this issue Kohut felt Hines “ought not [to] be followed” (People v Kohut, supra, p 191), *994 and overruled “so much of the Hines reasoning as is inconsistent with the * * * considered authority in this State” (supra). However, the court stated (p 192) “(I)f the issue were not now resolved, the new Criminal Procedure Law might allow a pretrial motion by defendant to raise the same point (CPL 1.10, subd. 2; 210.20, subd. 1, par. [f ]).” In Kohut, defendant’s crimes had a five-year limitations period. The last criminal act to have taken place was alleged to have occurred no later than January, 1960 and the indictment was handed up more than five years later on July 9, 1965. While no mention is made of the ultimate disposition of Mr. Kohut on trial and whether or not such limitations “defense” was then successful, it can hardly be said that Kohut was not “prejudiced” by being forced to the expense and time of a trial when it may well have been impossible for the People to show a crime within the five-year period. (But see 30 NY2d, at pp 195-197, concurring opn Jasen, J.) The Legislature, by the enactment of CPL 210.20 (subd 1, par [f ]) has put the People to an earlier test of limitations issues than Kohut and has abrogated Kohut’s main rationale of saving the issue for trial.
This court then initially finds as a matter of law that the failure to allege an overt act under section 105.20 of the Penal Law in a conspiracy indictment which shows such act to have occurred within the Statute of Limitations periods contained in CPL 30.10 is a jurisdictional defect under CPL 200.50 (subd 7) and 210.25 (subd 2). People v Iannone (45 NY2d 589, 599, supra) made it clear that “the requirements for a valid indictment will vary with the crime involved”, and such are jurisdictionally defective when they do not “effectively charge the defendant with the commission of a crime” (p 600). The court agrees with Hines (284 NY 93, supra) wherein it states “the defendant was entitled to have the indictment * * * allege a crime for which he would be prosecuted.” Indeed, CPL 200.50 (subd 6) requires the allegation of the crime on a designated date or during a designated period of time, and while such requirement can be said to enable defendant to be informed more specifically of the offense so as to prepare defenses (e.g., alibi), it also affords, in this court’s view, the parameters of a basis for a limitations motion under CPL *995 210.20 (subd 1, par [f ]) which may be appropriate. Indeed, a CPL 210.20 (subd 1, par [f ]) motion must, of necessity, be based on the People’s allegations under CPL 200.50 (subds 6, 7.)
The court finds that in this conspiracy indictment there must have been legally sufficient evidence before the Grand Jury to indict for conspiracy in the sixth degree (cf. CPL 210.30, subd 1); and that such evidence must establish every element of the crime charged and the defendant’s commission thereof (cf. CPL 70.10, subd 1); and that such legally sufficient evidence, in order to establish the element of the required overt act under section 105.20 of the Penal Law must include at least one such act proved before the Grand Jury which falls within the two years’ proscription of CPL 30.10 (subd 2, par [c]).
The court finds that in addition an overt act which occurred within the two-year period of CPL 30.10 (subd 2, par [c]) must have been shown to the Grand Jury or a motion to dismiss under CPL 210.20 (subd 1, par [f]) is proper.
As noted above, the only overt act alleged to have occurred within the two-year period is No. 5 in the indictment: “5. On or about and between January 1, 1979 and August 1,1979, the defendant communicated by telephone with Ronald DiDonato concerning the progress of DiDonato’s efforts to secure the admission of the defendant’s son into the New York Medical College.”
The People claim that People v Berkowitz (50 NY2d 333, 341-342) stands for the proposition, inter alia, that conversations themselves evidencing the illicit agreement are overt acts in furtherance of the conspiracy. This court disagrees. Berkowitz only recognizes the long established rule that while normally a statement made by one defendant is not able to be used to impute guilt to another defendant, if a prima facie case of conspiracy has been made out “each of them *** may be deemed to speak as an agent for the others with respect to statements made in furtherance of and in the course of that conspiracy.” (50 NY2d, at p 341.) This is an evidentiary issue on guilt and proof thereof and not relevant on the determination of *996 whether the act of conversation between coconspirators is, in and of itself, an “overt” act in furtherance of the conspiracy. This “‘overt act’ consists] of nothing more than words; there is no charge [in this act] that [the] defendant [or his codefendants] did anything in furtherance of the conspiracy other than to talk”. (See People v Russo, 57 AD2d 578, 579, supra, and cases cited therein.) If an indictment fails to allege an overt act, the indictment fails to allege the crime of conspiracy, supra).
The issue then becomes whether “meetings or discussions of the conspirators, after the initial ‘agreement’ or meeting, satisfy the overt act requirement” (Marcus, Prosecution and Defense of Criminal Conspiracy Cases, § 2.08 [3], p 2-47). The court in People ex rel. Conte v Flood (53 Misc 2d 109, 110) decided they were not: “(I)t is ‘hornbook’ law that conversations among co-conspirators in forming and planning the conspiracy [during the period of the conspiracy], are not overt acts in furtherance of the conspiracy” (cf. People v Russo, supra, and People v De Cabia, 10 Misc 2d 923, supra).
Of note is that the Flood court recognized telephone calls by a conspirator to nonconspirators would be a sufficient overt act. The Federal courts, however, do not make such a distinction. (See, generally, Smith v United States, 92 F2d 460; United States v Strickland, 493 F2d 182, 187, and cases cited therein.) In the opinion of this court, the New York rule of Russo (supra) controls. The instant conspiracy was already in operation following alleged overt acts Nos. 3 and 4. Taking alleged overt act No. 5 in context, the telephone call by defendant was an inquiry by conversation of coconspirators of the status and execution of the formulated plan and was not an “overt act” done in furtherance thereof. By contrast, if defendant had telephoned the director of admissions of the medical school and asked him to meet with a fellow conspirator, such telephone call would be an overt act done in furtherance of the initial conspiracy. The “innocent” act of dialing that telephone would have been sufficient in the second example, but not in the case before the court. Defendant’s telephone call and conversation were not done outside the “conspiracy” proper, but in fact constituted evidence that the conspiracy *997 was continuing. The court finds “overt act” No. 5 not sufficient to constitute a legal overt act.
The court’s examination of the Grand Jury proceeding has failed to show any other overt acts done in furtherance of the conspiracy until its pleadings termination date of August 1,1979 and within the two-year Statute of Limitations for such crime. “The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity. For these reasons and others, we have stated before ‘the principal that criminal limitations statutes are “to be liberally interpreted in favor of repose.” ’’’(Toussie v United States, 397 US 112, 114-115.)
The court finds that the alleged actions of defendant, if proven true, were actions of a criminal nature and purpose; however, by the time such acts became known to the proper responsible authorities, defendant’s responsibility was extinguished by the passage of time and operation of statute.
Accordingly, this court, in summation, reluctantly dismisses the instant indictment against defendant under:
(1) CPL 210.20 (subd 1, par [f]), and
(2) CPL 210.25 (subds 1, 2) and 210.20 (subd 1, par [a]), and
(3) CPL 210.20 (subd 1, par [b]).