John J. Walsh, J.
The defendant was indicted for the crime of “ conspiracy, in violation of Section 580 of the Penal Law of the State of New York, a misdemeanor, committed as follows: The said defendant, between February 15, 1963 and July 16th, 1963, in this county, the exact dates being unknown to this G-rand Jury and cannot be stated, did conspire with one Benedetto P. Carcone, a/k/a Benny Carcone, to commit a crime, to wit: a violation of Section 80 of the Penal Law of the State of New York, and in furtherance of said conspiracy and to effect the objects thereof, said defendant, between the aforesaid dates, did arrange for one Charlotte Mae DeLoge, to meet and confer in person with said Benedetto P. Carcone, and did induce said Charlotte Mae DeLoge to pay certain sums of money to the said Benedetto P. Carcone, for the purpose of securing the services of a person, or persons unknown, to perform an illegal abortion ’ ’.
The contention of the defendant is that the indictment fails to charge the complete crime of conspiracy.
There is no doubt that the crime of conspiracy to procure an abortion is a separate and distinct crime from the abortion itself.
Section 580 of the Penal Law denominates as a criminal conspiracy the agreement of two or more persons to commit a crime.
Section 583 of the Penal Law states that no agreement except to commit a felony upon the person of another, or to commit arson or burglary, amounts to a conspiracy, unless some act beside such agreement be done to effect the object thereof, by one or more of the parties to such agreement. The first intriguing contention of defendant is that the indictment must allege at least one overt act under section 583 because a conspiracy to procure an abortion is not within the exception as being a ‘ ‘ felony upon the person of another ’ ’.
Research has failed to produce a definition of what is meant by the term, “ a felony upon the person of another”, in this State. Defendant says that while the consent of the victim is no defense to the crime of abortion, consent does take the crime out of these categories which are considered crimes against the person. (McCandless v. State of New York, 3 A D 2d 600, 604.)
Section 583 of the Penal Law was derived from section 171 of the old Penal Code (L. 1881, ch. 676). When reference is made *168 to the old Penal Code, it is found that therein crimes (unlike our present Penal Law) designated by categories. Title IX read, “ Of Crimes Against the Person,” which listed such offenses as suicide, homicide, assault and robbery. This was followed by title X which listed' “ Of Crimes Against the Person and Against Public Decency and Glood Morals.” Under this title, section 294 defined the crime of abortion.
It thus seems rather clear that the Legislature intended in 1881 that no overt act was necessary under old section 171 of the Penal Code to validate an indictment. When the Legislature in 1909 codified the law into the Penal Law, it regrouped crimes alphabetically rather than by category and this has resulted in confusion.
Bouvier’s Law Dictionary (Baldwin’s Student ed. 1928) lists as an offense against the lives and persons of individuals, the crime of abortion.
But regardless of whether abortion is or is not a crime against the person, the indictment appears to be valid because at least one of the alleged overt acts is sufficient to sustain the indictment as a pleading. Thfi Court of Appeals has held that the crime of abortion may be the subject of a conspiracy and irrespective of the fact that the victim may not be prosecuted under the section, nor is an accomplice therein nor consents thereto, she is nevertheless a co-conspirator and her acts and declarations in furtherance of the conspiracy are competent evidence against all the conspirators (People v. Davis, 56 N. Y. 95 [1874]).
The first alleged overt act that in furtherance of the alleged conspiracy of the defendant and Carcone, that the defendant arranged for the woman seeking the abortion to meet and confer with the co-conspirator Carcone is not an overt act in furtherance of the alleged conspiracy but is something done to cement the conspiracy and is a part of the agreement (People v. Hines, 168 Misc. 453).
However, the second alleged overt act that the defendant induced the woman I to pay certain sums of money to the co-conspirator Carcone, for the purpose of securing the services of a person or persons unknown, to perform an illegal abortion is such an overt act in furtherance of the conspiracy. In the Hines case, the acceptance of money by the defendant conspirator Hines was held sufficient for pleading purposes on a demurrer to the indictment (People v. Hines, 168 Misc. 453, 457). When the conspiracy conviction in the Hines case reached the Court of Appeals, it was reversed because no overt act within the Statute of Limitations was proved. (See 284 N. Y. 93.)
*169 Here, the allegation is that the defendant induced the woman to pay money to the co-conspirator in furtherance of the purpose of the conspiracy. This would appear to he sufficient for pleading purposes.
Demurrer is overruled.