John J. Walsh, J.
Defendant stands accused of conspiracy in violation of section 580 of the Penal Law. A demurrer was duly filed and on March 20, 1964, this .court in a memorandum decision overruled defendant’s demurrer (42 Misc 2d 166).
The demurrer was disallowed, largely for the reason that the court was of the opinion that the crime of abortion is a crime against the person. Upon reargument, defendant brings to the attention of the court two rather obscure Appellate Division cases which appear to indicate that our appellate courts take a somewhat different view of the crime of abortion and appear to hold that, regardless of the character of the crime, overt acts must be pleaded and proved.
In People v. Fishback (273 App. Div. 914), .the Second Department reversed defendant’s conviction of conspiracy to commit an abortion and conspiracy to commit an act injurious to public health and morals, stating in the opinion: “No evidence was adduced to support the court’s charge that the defendant’s examination of the victim on March 22,1946, might be considered an overt act; nor could the defendant’s signing of the death certificate of the victim be considered as such ”,
In People v. Blum (273 App. Div. 917), the same Department, in reversing a conviction of conspiracy involving an abortion, used the following language: “In addition, the conspiracy count is fatally defective in that it does not contain a statement of the act or acts constituting the crime.”
Accordingly, this court must examine carefully the alleged overt acts alleged in this indictment. Previously, this court held (People v. Wolff, 42 Misc 2d 166, 168): “ The first alleged overt act that in furtherance of the alleged conspiracy of tha *367 defendant and Carcone, that the defendant arranged for the woman seeking the abortion to meet and confer with the co-conspirator Carcone is not an overt act in furtherance of the alleged conspiracy but is something done to cement the conspiracy and is a part of the agreement ”.
This court apparently misinterpreted the ruling in the case of People v. Hines (168 Misc. 453) in initially holding that the second alleged overt act was sufficient in the instant indictment. This court held (p. 168): “ the second alleged overt act that the defendant induced the woman to pay certain sums of money to the co-conspirator Carcone, for the purpose of securing the services of a person or persons unknown, to perform an illegal abortion is such an overt act in furtherance of the conspiracy. In the Hines case, the acceptance of money by the defendant conspirator Hines was held sufficient for pleading purposes on a demurrer to the indictment ’ ’.
The difficulty that confronted this court was a problem of semantics. A careful rereading of the Hines case will disclose the difficulty presented. At page 457, that court said: “A number of allegations are recited in the indictment under the heading ‘ overt acts ’. The only ones affecting defendant Hines are two contained in paragraph 15. One is to the effect that in March, 1932, he met with others and conferred upon and discussed plans to influence, intimidate and bribe judicial officers. The other is that at the same time he received $1,000 in cash from Dutch Schultz, one of the conspirators. The first ‘ overt act ’ is really a part of the conspiracy, looking toward action in the future, and is not properly an overt act. The receipt by Hines of a payment of $1,000 cash, although alleged as an overt act, is not such, but something done as a part of the agreement to cement the conspiracy.” (Emphasis supplied.)
Thus, the court held that the two alleged overt acts on the part of Hines, one, that he met and conferred with co-conspirators, and two, that he accepted money from a co-conspirator were neither of them overt acts within the meaning of the law. Where this court originally erred was in the belief that the payment of money by a co-conspirator to cement the conspiracy was a sufficient overt act. Obviously, Hines did not so hold, because that decision went only to say (p. 457): “ nevertheless, the law makes overt acts of fellow conspirators binding upon one who is a member of the conspiracy. Whether Hines was still a member of the conspiracy when the overt acts by his alleged fellow conspirators were committed, is a question of proof. The allegation of the formation of the conspiracy is sufficient for indictment purposes, even if the $1,000 payment *368 tending to show that Hines became a member of the conspiracy had been omitted.” (Emphasis supplied.)
In the instant case, there is no allegation of overt acts by any co-conspirator which would become binding on the defendant by reason of the defendant being a member of a conspiracy and in addition the alleged overt acts by the defendant, namely the arrangement of a meeting of a female who was a co-conspirator with another co-conspirator and the inducement of the female co-conspirator to pay sums of money to the third co-conspirator to secure the services of some unknown person to perform an illegal abortion.
Neither of these acts can be considered overt acts but under the rationale of the Hines decision were actions done for the purpose of cementing the alleged conspiracy and looking toward future action. Any action thereafter taken by any of the co-conspirators might well be overt acts and binding upon all of the co-conspirators regardless of which one took such action.
It is now obvious that if the Blum and Fishback cases (273 App. Div. 914, 917, supra) require at least one overt act * ‘ in furtherance of the conspiracy ’ ’ as they seem to require, that no such ‘ ‘ overt act ’ ’ is alleged in this indictment. Such overt acts may have been done but this court cannot speculate as to what evidence was presented before the Grand Jury.
Accordingly, upon reargument the original memorandum is withdrawn and the demurrer is allowed.
In the interest of justice, the District Attorney is authorized to submit this case to the next Grand Jury for reconsideration of the evidence available, pursuant to section 327 of the Code of Criminal Procedure.