■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ORR, JR., Appellant.— Determination of this appeal withheld and case remitted to Steuben County Court for a hearing and determination of the voluntariness of the defendant's confession in accordance with the procedures outlined in *People* v. *Huntley* (15 N Y 2d 72). (Appeal from judgment of Steuben County Court convicting defendant of manslaughter, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PHILIP F. WOLFF, Respondent.— Order unanimously reversed on the law and indictment reinstated. Memorandum: Respondent was indicted for conspiracy to commit abortion. County Court dismissed the indictment on the ground that payment of a sum of money by the proposed victim of the abortion to a co-conspirator did not constitute an overt act. In our view, an abortion is a felony committed upon the person of another within the meaning of section 583 of the Penal Law, so that the commission of an overt act was not an essential element of the crime. (Cf. *People* v. *Fishback*, 273 App. Div. 914.) Even if the commission of an overt act were necessary to complete a conspiracy to commit abortion, the indictment is sufficient. Payment of money to a co-conspirator to secure his agreement to the conspiracy is regarded as an act merely cementing the conspiracy and not as an overt act committed in furtherance thereof. (*People* v. *Hines*, 284 N. Y. 93.) However, if the money is paid to a co-conspirator to be delivered to another in payment of the services constituting the principal crime, such payment is held to constitute an overt act. (*People* v. *De Cabia*, 8 A D 2d 825, affd. 7 N Y 2d 823.) In this case, the allegation that payment was made "for the purpose of securing the services of a person, or persons unknown, to perform an illegal abortion" sufficiently states the commission of an overt act. (Appeal from order of Oneida County Court allowing a demurrer to the indictment and dismissing the indictment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ. [44 Misc 2d 366.]