THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MOISES MENACHE, Respondent.

Second Department, December 30, 1983

### APPEARANCES OF COUNSEL

*Carl A. Vergari, District Attorney (Richard E. Weill, Gerald D. Reilly* and *Anthony J. Servino* of counsel), for appellant.

*Candee & Hilbert (Richard S. Candee* of counsel), for respondent.

### OPINION OF THE COURT

TITONE, J.

The question before us is whether a telephonic conversation may constitute an overt act in furtherance of a conspiracy. We conclude that it may when the conversation is an act independent of the agreement itself and tends to carry out the object of the conspiracy. Because these criteria are lacking here, we affirm the order of dismissal (110 Misc 2d 987).

Defendant, Moises Menache, a physician, was indicted for conspiracy in the sixth degree (Penal Law, § 105.00). It is alleged that he agreed with three other individuals to influence certain unnamed employees of a medical college to accept his son for admission as a student. In pursuit of

the scheme, defendant allegedly paid the sum of $5,000 to one of the coconspirators who, in turn, was supposed to pass this money to the employees at the medical college.

An indictment charging conspiracy is jurisdictionally defective unless it is alleged that an overt act was committed within the Statute of Limitations (*Grunewald v United States,* 353 US 391, 396-397; *People v Hines,* 284 NY 93, 112-114). Since conspiracy in the sixth degree is a class B misdemeanor (Penal Law, § 105.00) the applicable Statute of Limitations is two years (CPL 30.10, subd 2, par [c]).

The indictment before us sets forth five overt acts, the first four of which are clearly outside the two-year limitations period. Our concern is only with the fifth overt act which charges that "[o]n or about and between January 1, 1979 and August 1, 1979, the defendant communicated by telephone with [a named coconspirator] concerning the progress of [the coconspirator's] efforts to secure the admission of the defendant's son into the * * * [m]edical [c]ollege".

The County Court granted defendant's motion to dismiss the indictment.[1] We now affirm.

To place the issue before us in proper focus, it should be noted that at common law the gist of the offense of conspiracy was the unlawful combination or agreement. No overt act was necessary to complete the crime (see *People v Sheldon,* 139 NY 251, 265; Clark and Marshall, Law of Crimes [7th ed], § 9.00, pp 550-551). While this remains the rule in some States, New York, as well as the Federal Government and several sister States, have added an overt act requirement by statute (Penal Law, § 105.20; Clark and Marshall, *op. cit.,* pp 552-553; LaFave and Scott, Criminal Law, § 62, pp 476-477).

As observed by the Supreme Court, "[t]he function of the overt act in a conspiracy prosecution is simply to manifest 'that the conspiracy is at work,' * * * and is neither a project still resting solely in the minds of the conspirators

---

1. We note, parenthetically, that the issue was properly raised by motion to dismiss (CPL 210.20, subd 1, par [f]; see *People v Kase,* 76 AD2d 532, 535, affd 53 NY2d 989; *People v O'Neil,* 107 Misc 2d 340, 341). *People v Kohut* (30 NY2d 183, 192) is not to the contrary, as that case, which did not involve a conspiracy prosecution, was decided prior to the enactment of the CPL and the court observed that the CPL might mandate a different result.

nor a fully completed operation no longer in existence" (*Yates v United States,* 354 US 298, 334). New York law appears to be in accord (see *People v McGee,* 49 NY2d 48, 58; *People v Hines,* 284 NY 93, *supra; People v Tavorina,* 257 NY 84, 93; *People v Sheldon,* 139 NY 251, *supra*). An overt act, therefore, may be committed by any one of the conspirators and, while it need not be unlawful in and of itself, it must be a step towards the execution of the conspiracy and not simply a part of the agreement (*People v McGee, supra,* p 57; *People v Sheldon, supra,* pp 265-266; *People ex rel. Conte v Flood,* 53 Misc 2d 109; *People v De Cabia,* 10 Misc 2d 923, 924, affd 8 AD2d 825, affd 7 NY2d 823; cf. *People v Russo,* 57 AD2d 578, mot for lv to app den 42 NY2d 979).

Insofar as some cases might be read as suggesting that the overt act must be the commencement of the criminal act, or an element of the offense which is the object of the conspiracy (see, e.g., *People v Bauer,* 32 AD2d 463, affd 26 NY2d 915), we agree with LaFave and Scott that they "are incorrect for they are inconsistent with the function of the overt act requirement * * * If the agreement has been established but the object has not been attained, virtually any act will satisfy the overt act requirement" (LaFave and Scott, *op. cit.,* pp 477-478; see *People v Sheldon,* 139 NY 251, 266, *supra*).[2]

It is thus too much of a generalization to state, in a conclusory fashion, that "mere talk", without more, can never constitute an overt act in furtherance of a conspiracy. The more apt question is the content and the context of the conversation (see *People v Sher,* 68 Misc 2d 917, 925-926; cf. *People v Ozarowski,* 38 NY2d 481, 488; *People v Lakomec,* 86 AD2d 77, 78-80; *People v Teeter,* 86 Misc 2d 532, 535, affd 62 AD2d 1158, affd 47 NY2d 1002).

We have no doubt, for example, that a telephonic conversation in which the implements of the crime are ordered

---

**2.** We do not view *People v Bauer* (32 AD2d 463, affd 26 NY2d 915) as a binding precedent. The reversal of the conspiracy conviction in that case was on the law and the facts, thus barring Court of Appeals review at that time (*People v Mackell,* 40 NY2d 59), and the implication that the overt act must be an element of the offense which is the object of the conspiracy is flatly contracted by *People v McGee* (49 NY2d 48), *People v Ozarowski* (38 NY2d 481), *People v Sheldon* (139 NY 251) and *People v Sher* (68 Misc 2d 917) (cited in both *McGee* and *Ozarowski*). Moreover, the holding in *Bauer* (*supra*), that the acquittal of one conspirator requires the acquittal of the other conspirator, was rejected in *People v Berkowitz* (50 NY2d 333, 342-343).

would constitute an overt act in furtherance of a conspiracy (see *United States v Strickland,* 493 F2d 182, 187, cert dsmd 419 US 801). But other communications may not be that clear cut. Conversation among conspirators may merely be cementing the agreement itself (cf. *People v Russo,* 57 AD2d 578, *supra; People v Wolff,* 24 AD2d 828) or may be an overt act in furtherance of the agreement (see *People v Sher, supra,* pp 925-926; LaFave and Scott, *op. cit.,* p 478). And, conversation which attempts to enlist others may or may not constitute an overt act in furtherance of the conspiracy (cf. *People ex rel. Conte v Flood,* 53 Misc 2d 109, 110, *supra).* "The object of the statute [requiring proof of an overt act] is accomplished when it is shown that the parties have proceeded to act upon the unlawful agreement (*People* v. *Sheldon,* 139 N.Y. 251)" (*People v De Cabia,* 10 Misc 2d 923, 924, *supra).*

The telephonic communications in this case, however, as alleged by the People, simply involve conversations between two coconspirators. Neither singly nor in combination do they constitute sufficiently independent acts "as would tend to flow from the unlawful agreement and tend to carry out the object of the conspiracy" (*People v De Cabia, supra,* p 924). Consequently, they do not satisfy the overt act requirement.

For the reasons stated, the order of the County Court should be affirmed

DAMIANI, J. P., WEINSTEIN and BRACKEN, JJ., concur.

Order of the County Court, Westchester County, dated October 1, 1981, affirmed.