OPINION OF THE COURT
Norman J. Felig, J.
The question raised on this aspect of the defendant Wisan’s *692 prosecution is whether the acts alleged in paragraphs numbered 17 through 21 of the conspiracy count of the underlying indictment are "overt acts” within the meaning of Penal Law § 105.20. In sum and substance, that section provides, inter alia, that no one may be convicted of the substantive crime of conspiracy unless "an overt act * * * committed by one of the conspirators in furtherance of the conspiracy” is both alleged and proven. In the court’s opinion, this question must be answered in the negative.
The defendant, Judith Wisan, together with Earl Jones and Andre Berry were indicted for the crimes of murder in the second degree, conspiracy in the second degree and criminal possession of a weapon in the second degree. Jones and Berry have pleaded guilty to manslaughter in the first degree and are awaiting sentence. A jury has been selected in the trial of Judith Wisan. At a pretrial conference, the court discussed with counsel the 21 alleged overt acts listed in the conspiracy count. Rulings were made as to all except those numbered 17 through 21. The court then advised counsel that its decision on the remaining acts would be made prior to the prosecution’s opening statement.
At issue here is the status of these five alleged "overt acts”, each of which was allegedly committed by one or more of the coconspirators after the central purpose of the alleged conspiracy, i.e., the murder of defendant’s husband, had been accomplished. They include Jones driving Berry from the scene of the alleged murder to New Jersey (17); Berry dropping the weapon alleged to have been used in the shooting into a sewer in New Jersey (18); the payment of money by the defendant, Wisan, to Jones (19); and a meeting between Jones and Berry at which time Jones gave Berry a sum of money (20 and 21). Each of these five acts was allegedly committed on the day of, or on the day following the commission of the alleged murder, either in the State of New York or in the State of New Jersey.
The United States Supreme Court has held on more than one occasion that the mere existence of a conspiracy to achieve a specific object crime does not imply the existence of a continuing conspiracy to conceal the detection and apprehension of the coconspirators after the "main aim” or "central criminal purpose” of the underlying conspiracy has been accomplished. Thus, the duration of a conspiracy cannot be indefinitely extended in this manner so as to make the subsequent acts or statements of one of the coconspirators binding upon the others (see, Grunewald v United States, 353 US 391, *693 400-406; Lutwak v United States, 344 US 604, 615-620; Krulewitch v United States, 336 US 440). Here, the prosecution does not contend that there was an express agreement among the defendant, Wisan, and her two alleged conspirators "to continue to act in concert in order to cover up, for their own self-protection, traces of the crime after its commission” (Grunewald v United States, supra, p 404), accordingly, the language of that case is particularly apposite. As the Supreme Court stated: "We cannot accede to the proposition that the duration of a conspiracy can be indefinitely lengthened merely because the conspiracy is kept a secret, and merely because the conspirators take steps to bury their traces, in order to avoid detection and punishment after the central criminal purpose has been accomplished * * * [A] vital distinction must be made between acts of concealment done in furtherance of the main criminal objectives of the conspiracy, and acts of concealment done after these central objectives have been attained, for the purpose only of covering up after the crime” (Grunewald v United States, supra, p 405).
The "main aim” or "central criminal purpose” of a conspiracy having been accomplished, the subsequent acts of concealment or covering up or disposing of the murder weapon "can by themselves indicate nothing more than that the conspirators do not wish to be apprehended — a concomitant, certainly, of every crime since Cain attempted to conceal the murder of Abel from the Lord.” (Grunewald v United States, 353 US 391, 405-406, supra.) Thus, in the case at bar, when Stephen Wisan was shot and killed, the sole objective of the conspiracy was accomplished, and the conspiracy was at an end. "There can be no furtherance of a conspiracy that has ended” (Lutwak v United States, supra, pp 617-618).
The courts of New York have similarly held that the acts and statements of a coconspirator made prior to the formation of a conspiracy, or subsequent to its determination "by the accomplishment of the common purpose, or by abandonment” are not performed or made in the furtherance of said conspiracy (People v Kief, 126 NY 661, 663; see, People v McQuade, 110 NY 284, 307; People v Davis, 56 NY 95, 102-103; cf. People v Ryan, 263 NY 298, 305; People v Liccione, 63 AD2d 305, affd 50 NY2d 850; People v De Ruggiero, 94 Misc 2d 20 [Sup Ct, Westchester County 1978]; but see, People v Storrs, 207 NY 147, 157-159). Moreover, while there appears to be some uncertainty in this State, at the present time, regarding the question of whether the payment of money to a coconspirator *694 as a quid pro quo for his participation in the conspiracy can be considered an overt act committed in the furtherance thereof (see, People v Teeter, 62 AD2d 1158, affd 47 NY2d 1002; People v Wolff, 24 AD2d 828; People v De Cabia, 10 Misc 2d 923, affd 8 AD2d 825, affd 7 NY2d 823; People v Hines, 168 Misc 453, affd 258 App Div 466, mod 284 NY 93; but see, People v Ortiz, 100 AD2d 6, lv denied 62 NY2d 809). Even the Ortiz case (supra), which argues in favor of the recognition of such payments made after the formation of a conspiracy as an "overt act”, confines itself solely to the "payment [of money] to a coconspirator for his prospective services in carrying out the object of the conspiracy” (People v Ortiz, supra, p 11; emphasis supplied; see, Lutwak v United States, 344 US 604, 617, supra; but see, United States v Schwanke, 598 F2d 575, 582 [10th Cir 1979]). Here, it is undisputed that paragraphs numbered 19, 20 and 21, concern the payment of money after the central criminal purpose of the conspiracy had been accomplished.
Under these circumstances, research having failed to disclose any precedent to the contrary in this State, the court concludes that the incidents referred to in paragraphs numbered 17 through 21 of the conspiracy count of the instant indictment, having been performed by the coconspirators subsequent to the achievement of the "main aim” or "central criminal purpose” of the underlying conspiracy, are not "overt act[s performed] * * * in furtherance of the conspiracy ” within the meaning of Penal Law § 105.20 (emphasis supplied), and must therefore be stricken.