OPINION OF THE COURT
Steven W. Fisher, J.
The principal question presented on these motions to dismiss is whether the lessee of a vehicle may be charged with stealing the car while the lease is still in effect. The precise issue appears to be one of first impression in this State.
Charged jointly with grand larceny in the third and fourth degrees and conspiracy in the fifth degree, the defendants each filed a motion to inspect the Grand Jury minutes and to dismiss the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offense (see, CPL 210.20 [1] [b]; 210.30). Upon examining the minutes, I ordered their release to the defendants to enable them more effectively to brief the issues presented (see, CPL 210.30 [3]). They have now done so, and the People have responded.
The evidence presented to the Grand Jury was essentially as follows:
On February 17, 1995, defendant Frank Cicinelli reported to the police that the 1993 Volvo he had leased from Volvo Car Finance Incorporated had been stolen. In the early morning hours of the next day, police officers spotted the vehicle and stopped it. They arrested the driver, Theron Grinage, who told the officers that he had been given use of the car by his employer, Terrence Rafferty.
Later that day, both Cicinelli and Rafferty were interviewed at the offices of the Queens County District Attorney. Cicinelli, a certified public accountant, told the interviewing detective that in January 1995 he had complained of his financial difficulties to Rafferty who was one of his clients. He said that, when he mentioned the trouble he was having in meeting the lease payments for his vehicle, Rafferty told him that he could take care of the problem by making the car "disappear.”
According to Cicinelli, on February 17, 1995, after he and Rafferty had eaten dinner together, he asked Rafferty to drive *948 him to his car. Instead, Rafferty told him not to "worry about the car, wait a couple of days and report it stolen.” Cicinelli agreed, but then reported the vehicle stolen that night. Early the next morning, the police stopped the car as it was being driven by Mr. Grinage.
On this motion, Cicinelli maintains that the evidence presented to the Grand Jury precludes a charge of larceny. His argument turns largely on the statutory definitions of "larceny” and "owner.”
Penal Law § 155.05 (1) provides: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
The term "owner” is defined in Penal Law § 155.00 (5) which provides: "When property is taken, obtained or withheld by one person from another person, an 'owner’ thereof means any person who has a right to possession thereof superior to that of the taker, obtainer or withholder.”
Cicinelli contends that, by virtue of the lease still in effect on the date in question, he had a right to possession of the vehicle superior to that of the leasing company, and, therefore, as to him, the company could not be an "owner” from whom he could steal the car. Rafferty offers the derivative argument that any contact he may have had with the vehicle was with the permission and consent of its "owner”, Frank Cicinelli.
Although not without a surface appeal, the defendants’ argument must be rejected because it is inconsistent with sound public policy and with the purpose and history of the larceny statutes.
The most common form of larceny involves a trespassory taking committed when the actor wrongfully takes property and carries it away with the intent permanently to deprive the owner of the property or to appropriate it to himself. But under modern New York law, and the law of most other jurisdictions, a wrongful taking is not an indispensible component of the stealing of property.
The common law once recognized a doctrine known as possessorial immunity under which "transferring possession of an object conferred immunity from the criminal law on the party receiving possession, for subsequent misuse or misappropriation of the entrusted object.” (Fletcher, The Metamorphosis of Larceny, 89 Harv L Rev 469, 472 [1976].) Any dispute between *949 the rightful owner and the lawful possessor over the use or disposition of the property was thought best settled in the civil courts (id., at 475).
The doctrine gave way, however, to laws prohibiting embezzlement. Under those laws, even if a person comes into possession of another’s property lawfully, he commits the crime of larceny by embezzlement if, after obtaining possession, he forms the intent permanently to deprive the owner of the property or to appropriate it to himself and, acting with that intent, he fraudulently converts or misappropriates the property for his own benefit to the exclusion of the rights of the owner (see generally, People v Silverman, 106 Misc 2d 468, 471-472 [Sup Ct, NY County, Altman, J.]). In the language of New York’s Penal Law, an embezzlement constitutes larceny through a wrongful withholding rather than a wrongful taking.
A car lease gives the lessee the right to possess and use the vehicle for the period of the lease and pursuant to its terms. But the lessor retains more than a mere security interest in the vehicle (cf., Penal Law § 155.00 [5]). He maintains title and the right to possess the car once the lease expires or its terms are violated.
Consequently, courts that have spoken on the issue have uniformly agreed that a leased or rented car becomes stolen when, during the period of the lease or rental agreement, the lessee or renter fraudulently converts or misappropriates the vehicle for his own benefit and with the intent permanently to deprive the owner of his rights to the car (see, e.g., United States v Turley, 352 US 407, 416 [1957]; Miller v United States, 261 F2d 546 [4th Cir 1958]; Breece v United States, 218 F2d 819 [6th Cir 1954]; Davilman v United States, 180 F2d 284 [6th Cir 1950]; see also, 3 Wharton’s Criminal Law § 386 [15th ed 1995]).
El] I hold, therefore, that the existence of a lease agreement for a vehicle does not preclude a charge of larceny by embezzlement because, once the lessee forms the intent to convert the car for his own benefit in permanent derogation of the rights of the owner, he may not assert as against the lessor any possessory rights the law is bound to respect. A lease is not a license to steal.
In the case at bar, the evidence presented to the Grand Jury was legally sufficient to establish that defendant Cicinelli, while in lawful possession of a leased vehicle, formed the intent permanently to deprive the lessor, Volvo Car Finance Incorporated, of that vehicle and that, acting with that intent, he engaged in conduct that wrongfully withheld the car for his *950 own benefit and in derogation of the rights of the lessor. And the evidence was also legally sufficient to establish that defendant Rafferty shared Cicinelli’s larcenous intent and intentionally aided him to engage in that conduct. Thus, the Grand Jury evidence was legally sufficient to establish an embezzlement and, therefore, to support the counts of grand larceny in the third and fourth degrees as against both defendants.
The conspiracy count, however, must be dismissed. An indictment charging conspiracy must allege, in addition to the agreement, at least one overt act committed in furtherance of its objective (see, e.g., People v Menache, 98 AD2d 335, 336 [2d Dept 1983] [Titone, J.]; Penal Law § 105.20). Here, the indictment alleges as the overt act nothing more than the agreement itself. Such a pleading renders the count defective and requires its dismissal (cf., People v Menache, supra, at 337). Leave to re-present should be granted.
Accordingly, each defendant’s motion to dismiss should be granted in part and denied in part. The third count, charging conspiracy in the fifth degree, should be dismissed as against both defendants with leave to re-present. In all other respects, the motions to dismiss, on the grounds asserted, should be denied.