■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LUGO, Appellant. [765 NYS2d 23] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 4, 2000, convicting defendant, upon his plea of guilty, of conspiracy in the second degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed. Order, same court and Justice, entered on or about January 25, 2002, which denied defendant's motion to vacate the judgment and to set aside the sentence pursuant to CPL 440.10 and 440.20, unanimously affirmed.

There was no jurisdictional defect in the conspiracy count of the indictment. Contrary to defendant's argument, the indictment did not charge two separate conspiracies. Instead, it charged one conspiracy to engage in conduct constituting the crimes of criminal sale and criminal possession of a controlled substance, each in the first degree. As illustrated by the overt acts alleged in the indictment, the conspiracy involved the operation of a narcotics-trafficking organization, which included the sale of both heroin and cocaine. The conversations between the other conspirators constituted overt acts which established the existence of this conspiracy (*see People v McGee*, 49 NY2d 48, 57-58 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]), and the alleged acts, when viewed as a whole, connect defendant to the conspiracy.

In any event, even if the indictment is deemed to have alleged two conspiracies, we find that it sufficiently alleged overt acts establishing a conspiracy to sell cocaine. The conversations between defendant and a coconspirator established more than a mere agreement to sell cocaine (*see People v Menache*, 98 AD2d 335 [1983], *lv denied* 62 NY2d 622 [1984]).

Defendant received meaningful representation in connection with his guilty plea (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also People v Benevento*, 91 NY2d 708, 713-714 [1998]). Since defendant did not make a suppression motion, he waived his suppression claims (CPL 710.70 [3]). We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Nardelli, J.P., Mazzarelli, Andrias, Saxe and Williams, JJ.